Claim of Carl S. DANLEY,
Claimant-Appellant,

v.

The ESTATE of Grafton A. SMITH,
Deceased, Defendant-Respondent.

No. KCD 27522.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Henry T. Limerick, Jr., Columbia, for claimant-appellant.

David B. Rogers, Smith, Lewis & Rogers, Columbia, for defendant-respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The claim of Danley for the use of his tractor to mow the pasture land of the decedent Smith was denied in the probate court and then in the circuit court. The circuit court found that the evidence on the claim, presented on quantum meruit, did not establish the reasonable value of the equipment used for the service. The claimant has appealed.

There was evidence by Biggs, employee of claimant Danley, that he used a John Deere Model 70, 1960 tractor and brush cutter to mow the pastures of the decedent during years 1969 and 1970. There was expert testimony for the claimant by Lindsey, engaged in the business of tractor and equipment rental, that the reasonable value of such equipment was $7.50 per hour. The claim actually presented was calculated on the rate of $4.50 per hour for 627 hours of machine time. The employee Biggs testified to 279 hours use in year 1969 and 348 hours use in year 1970.

In the memorandum of decision, the circuit court denied recovery of the claim on the express ground that the expert had neither inspected the tractor nor been given information concerning it, thus his opinion of reasonable value was conjectural.

The respondent contends for the decision of the trial court on the authority of cases such as *State ex rel. State Highway Commission v. Koberna*, 396 S.W.2d 654 (Mo. 1965), which declare [l.c. 663]:

The expert witness must base his opinion on facts established by competent evidence. . . . The requirement that the opinion be supported on a factual basis may be met either by the witness premising his conclusion on facts within

his personal knowledge or observation, or by premising the conclusion on a specified state of facts, assumed to be true, as to which some evidence has been received.

■ The opinion by the expert Lindsey on the reasonable rental value of a tractor of the description used by the claimant to mow the pastures had no probative validity on the issue, to be sure, unless supported by evidence that the equipment actually used was of reasonable efficiency. The uncontradicted testimony of claimant witnesses that the pastures were cut for two years without complaint from the decedent imports proof that the machine used was in reasonable operating condition.

■ The decision of the circuit court applied the law erroneously and must be reversed. Rule 73.01, *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We do not direct judgment because the circuit court reserved objections to evidence at the trial and then did not rule those issues of law on the assumption that the disposition reached removed that necessity. They are questions which we cannot resolve without the briefs and arguments of the parties.

Accordingly, the cause is reversed and remanded for further proceedings.

All concur.