Ervin M. SPENCE and Edna Spence, his wife, Plaintiffs-Appellants,

v.

Raymond A. WROBLESKI and the Federal Land Bank of St. Louis, Defendants-Respondents.

No. 10952.

Missouri Court of Appeals, Southern District, Division Two.

July 31, 1980.

W. Dale Burke, Monett, for plaintiffs-appellants.

Stephen R. Soutee, Marionville, for defendant-respondent Raymond A. Wrobleski.

PREWITT, Judge.

Plaintiffs sought a judgment declaring the existence of a roadway easement by prescription over real estate owned by defendant Wrobleski and an injunction restraining defendant Wrobleski from interfering with the use of the easement. The Federal Land Bank of St. Louis held an encumbrance on defendant Wrobleski's property. Plaintiffs presented evidence that there was a road on defendant Wrobleski's property in use for over 50 years until he fenced and closed it in 1970. Defendant Wrobleski's evidence denied that there was ever such a road. After a non-jury trial, the court made Findings of Fact, Conclusions of Law, and rendered judgment in favor of defendants. These findings included the following:

"(5) That although there was considerable testimony from witnesses for both parties to this action, such testimony was diametrically opposite as to whether there was, in fact, a road over defendant Wrobleski's property, and, if so, for how long it had been in existence, but the evidence was clear and the Court thus finds, as a fact, that whatever road or trail was in existence over the defendant Wrobleski's land, that it had not been used except with permission of defendant Wrobleski from 1970, when defendant Wrobleski fenced the Northeast Corner of his land and removed a gate, until the filing of this action in February, 1976."

The Conclusions of Law stated:

### "CONCLUSIONS OF LAW

(1) To sustain an effective claim of adverse possession the possession must be hostile and under a claim of right, actual, open and notorious, exclusive and continuous; and the burden of proving these five elements and their concurrent existence for *ten years prior to commencement of the action to perfect title is* on the party claiming title by adverse possession. [citing cases]

Plaintiffs failed to meet their burden of proof in that plaintiffs' had not, in fact, used the road or trail in question, except with permission of defendant Wrobleski, from 1970, to the date of the filing of this action in 1976."

Plaintiffs contend that the judgment should be reversed because the trial court incorrectly applied the law. They claim that the trial court concluded that plaintiffs had the burden of showing that the necessary elements to acquire an easement by prescription occurred in the ten years immediately prior to the commencement of the action, rather than showing them for ten consecutive prior years. It appears to us that plaintiffs are correct.

The method of acquiring prescriptive easements is analogous to that of establishing title by adverse possession. *Glenville v. Strahl,* 516 S.W.2d 781, 782 (Mo. App.1974). To acquire an interest by adverse possession the proper elements must cover a consecutive period of ten years, but such period need not be the ten years immediately preceding the bringing of the suit. *Moore v. Hoffman,* 327 Mo. 852, 39 S.W.2d 339, 344, 75 A.L.R. 135 (1931); 3 Am.Jur.2d Adverse Possession, § 55. See also *Huter v. Birk,* 439 S.W.2d 741, 744 (Mo.1969) and *Auxier v. Holmes,* 605 S.W.2d 804 (Mo. App. W.D. 1980). Once an easement is established, it is not abandoned or destroyed

by mere nonuser or by the use of another means of ingress and egress. *Sanderson v. Less*, 296 S.W.2d 81, 84 (Mo.1956). Nor by failing to immediately assert it. *City of South Greenfield v. Cagle*, 591 S.W.2d 156, 161 (Mo.App.1979). A request for permission to cross the land of another does not obliterate a vested prescriptive right. *Cook v. Bolin*, 296 S.W.2d 181, 188 (Mo.App.1956). However, nonuser for the period prescribed by the statute of limitations may cause a loss of the easement. *Dalton v. Johnson*, 320 S.W.2d 569, 574 (Mo.1959). *Barkshire v. Drainage Dist. No. 1 Reformed of Stoddard County*, 136 S.W.2d 701, 707 (Mo.App.1940). See also *Huter v. Birk*, supra, 439 S.W.2d at 744. A claim that an easement has terminated should be pled and proven by the party asserting termination. See *United Realty Company v. Outlaw*, 472 S.W.2d 378, 382 (Mo.1971); 28 C.J.S. Easements § 68b. Defendants make no such assertion here.

The trial court did not determine if, for some ten year period prior to the fencing, the necessary elements to establish the easement existed. It found that the road, if it existed, had not been used, except with permission of defendant Wrobleski, from 1970 until this suit was filed in February of 1976 and determined the case on that finding. This fact was not necessarily fatal to plaintiffs' case. Under the evidence the easement could have been established prior to the fencing in 1970. The court correctly stated the law, but erroneously applied it so that the elements were required to be shown in the ten years immediately prior to the filing of the suit. Therefore, the judgment must be reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, we cannot direct a judgment as it would depend upon the trial court's determination of disputed facts. See *Danley v. Smith's Estate*, 539 S.W.2d 18, 19 (Mo.App. 1976).

It is unnecessary for the matter to be remanded for a new trial as the parties had an opportunity to, and apparently did, fully develop the evidence on plaintiffs' claim. We remand only for the trial court to determine if an easement was established prior to the time that the claimed roadway was fenced in 1970 and to enter a new judgment thereafter. The judgment is reversed and the cause remanded for the purposes set forth in this paragraph.

HOGAN, Acting P. J., and GREENE, Alt. J., concur.

BILLINGS and MAUS, JJ., recused.