William J. BURGESS and Janis K. Burgess, his wife, and Thomas H. Sebastian, Sr., and Virginia A. Sebastian, Plaintiffs-Respondents,

v.

Roy SWEET and Edna Sweet, his wife, Defendants-Appellants.

No. 45804.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 27, 1983.

Lofftus, Dawdy, Robertson & Wunderlich, E.D. Lofftus, Fenton, for defendants-appellants.

Dennis E. McIntosh, Farmington, for plaintiffs-respondents.

DOWD, Chief Judge.

A prescriptive easement case.

In this court tried case, defendants appeal from a judgment finding that plaintiffs had a prescriptive easement allowing the use of a road running across defendants' property and further enjoining defendants from blocking said roadway. Judgment was also rendered in favor of plaintiffs on defendants' counterclaim for damages due to trespassing. Judgment affirmed and remanded with directions.

Plaintiffs were owners of 185 acres of land situated in St. Francois County, which they purchased from Dorothy Yates in 1981. The Yates owned the property for approximately 35 years and used the land mainly for recreational purposes. Defendants were the owners of a 20 acre parcel of land directly southeast of plaintiffs' property. A twenty-five foot road, which is the respondents' only method of ingress and egress to their property runs across appellants' property.

This road was used regularly by both plaintiffs and their predecessors in interest. In the Spring of 1981, plaintiffs unsuccessfully attempted to secure an easement from the defendants for title insurance purposes. Thereafter defendants blocked the roadway with a parked car and a chain, thus denying plaintiffs access to their land. Plaintiffs brought suit for injunctive relief resulting in the judgment for plaintiffs, which is the subject of this appeal. Defendants challenge the trial court's ruling on five separate grounds.

█ Defendants complain the trial court erred in overruling their motion to dismiss in that first, plaintiffs did not plead a cause of action upon which relief could be granted and secondly, failed to plead they had a "claim of right," which is one of the necessary elements of a prescriptive ease-

ment. Our courts tend to construe pleadings liberally and ordinarily a petition will be held good if the averments of the petition, accorded every reasonable and fair intendment state a claim which may entitle the plaintiff to relief. *Kersey v. Harbin,* 531 S.W.2d 76, 78 (Mo.App.1975). While defendant is correct that a "claim of right" must be established before a prescriptive easement may be found, plaintiffs' pleadings were sufficient to inform defendants of the cause of action they were called upon to answer. *Kirn v. Oehlert,* 625 S.W.2d 921, 922 (Mo.App.1981). Moreover, a "claim of right" was clearly established by the evidence produced at trial, without objection from defendants. Rule 55.33 V.A.M.R. We do not believe plaintiffs' claim should have been dismissed because it was imperfectly or defectively stated. *Kersey v. Harbin,* 531 S.W.2d at 79. Defendants' motion was properly denied.

■ Defendants next contend the judgment was against the weight of the evidence, was not supported by the evidence and was based on a misinterpretation and misapplication of the law. In support of this, defendants contend the trial court first erred in finding that an easement attached to defendants' roadway in the 1930's. The evidence does reveal the court was mistaken in this finding inasmuch as the easement did not attach until at least 1956. The question here, however, is whether an easement attached before respondents took title to their land. This being the case, the court's error was certainly not prejudicial to defendants where the record amply supports the conclusion that an easement did, in fact, attach before respondents took title and was in existence for the requisite ten year period. As such, the court's misstatement does not materially affect the merits of the case and is not a cause for reversal. Rule 84.13(b) V.A.M.R.

■ Defendants also argue the finding of a prescriptive easement was unsupported by the evidence in that long continued use, alone will not create a prescriptive right and mere permissive use of the land cannot ripen into an easement. *Bridle Trail Association v. O'Shanick,* 290 S.W.2d 401, 405 (Mo.App.1956); *George v. Dickinson,* 504 S.W.2d 658, 662 (Mo.App.1974). First, the evidence presented by defendants did not clearly establish that the use was originally permissive. Where a use has been open, continuous, visible, and uninterrupted for a period of ten years, a presumption is raised that the use was adverse and under a claim of right and the burden is cast upon the landowner to show that the use was in fact permissive rather than adverse. *Gerst v. Flinn,* 615 S.W.2d 628, 631 (Mo.App.1981). Despite the volume of testimony introduced at trial, we find defendants did not sustain this burden. The record reflects there were never any requests or denials of permission to use said road and that it was always used openly. The use of the roadway by the plaintiffs and their predecessors was open and visible and was never interfered with or barred.

■ Defendants further argue that plaintiffs' effort to purchase an easement is evidence that plaintiffs knew the prior possession was not adverse. We disagree. Since plaintiffs' attempt to purchase an easement was necessary because of their need to obtain title insurance we cannot see how defendants can consider it strong proof of permissive use. Furthermore, since we have already determined the use was adverse and not permissive, plaintiffs' request does not obliterate their vested prescriptive right. *See Spence v. Wrobleski,* 603 S.W.2d 91 (Mo.App.1980) and *McDougall v. Castelli,* 501 S.W.2d 855, 858 (Mo.App.1973).

Defendants next claim the trial court failed to determine certain factual and legal issues pursuant to defendants' request for findings of fact and conclusions of law. Rule 73.01(a)(2) V.A.M.R. Specifically, defendants' complain the court failed to answer the following questions:

D. Was there a previous owner of the plaintiffs' property that used the al-

leged roadway in such a manner over the statutory period to establish an easement by prescription over the alleged roadway?

E.  If so, who was that previous owner, what period was the road used and under what circumstances?

■ The trial court clearly stated in its findings of fact that Dorothy Yates and her family, plaintiffs' predecessors in title, were the previous owners under whose use the prescriptive easement was established. The court also stated that the roadway was used sporadically for mainly recreational purposes. While it is true the court incorrectly stated the date from which the easement attached, it did state the Yates used the road for 35 years thus establishing the easement approximately in 1946. We believe the trial court answered defendants' questions in full compliance with Rule 73.-01(a)(2) V.A.M.R. Defendants' point is denied.

■ Defendants also claim the trial court erred in its finding since plaintiffs' contemplated subdivision of the land would greatly increase the number of persons using the road thereby changing the character of the easement. We disagree. Plaintiffs originally used the easement for ingress and egress to their property. This use has not changed despite plaintiffs' plans to subdivide their land into residential plots. It is the character of plaintiffs' property and not that of the easement that has changed. An easement is not restricted to use for such purposes as are required at the time it was established but may be exercised for any purposes to which the dominant estate may be subsequently devoted. See Restatement of Property § 488, Comment (b) (1944). The change in use here is one of degree rather than character. We cannot see how an increase in the number of vehicles using an easement established in general terms, constitutes such an increased burden on the servient estate so as to prevent said increase. The fact that plaintiffs' land would eventually be subdivided was a foreseeable

event. Moreover, the division of dominant tenements is said to be assumed in their creation. *Karches and Adolph Investment Corporation,* 429 S.W.2d 788 (Mo.App.1968). Also see *Aztec Ltd., Inc. v. Creekside Inc., Co.,* 602 P.2d 64, 66, 100 Idaho 566 (1979). *Bodman v. Bodman,* 456 Pa. 412, 321 A.2d 910, 912 (1974). Point denied.

■ Finally, defendants' argue the judgment was so indefinite as to be void in that it failed to define the parties' rights by not establishing the easement's exact location. Here defendants are correct in that the trial court failed to accurately define the location of the road in question.

There was substantial evidence to support the judgment establishing the prescriptive easement in plaintiffs' favor but the cause must be remanded for a determination of the easement's exact location.

The judgment establishing the prescriptive easement is affirmed but remanded with directions.

Plaintiffs' motion to dismiss and motion for damages for a frivolous appeal are denied.

SNYDER, P.J., and GAERTNER, J., concur.