Bruce P. MacCURRACH and Christin L. MacCurrach, Respondents,

v.

Donald E. ANDERSON and Bobbie L. Anderson, Appellants.

No. 47751.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1984.

David L. Baylard, Union, for appellants.

Joseph J. Edlin, Hillsboro, for respondents.

CRANDALL, Judge.

Defendants appeal from a judgment in a court-tried equity action rescinding a contract for deed and awarding to plaintiffs actual damages of $28,865.71 and punitive [1] damages of $4,500. Defendants claim on appeal (1) that the plaintiffs failed to properly plead the elements of fraud, (2) that judgment is against the weight of the evidence and (3) that plaintiffs' claim should have been barred by laches. We affirm.

The plaintiffs, Mr. and Mrs. MacCurrach, entered into a contract for deed to purchase a split-foyer house in Eureka, Missouri, from the defendants, Mr. and Mrs. Anderson. Mr. Anderson was the builder of the house. The contract was signed on October 13, 1981.

The plaintiffs' claim of fraudulent misrepresentation is based on the allegation that defendants knew there was no occupancy permit for the house, and yet told plaintiffs the house was fit for occupancy. An occupancy permit had not been obtained because certain windows and certain electrical wiring did not meet the local building and fire codes. The major problem with the windows was that the sills were too high off the floor.

The plaintiffs claim they were not told of the noncompliance with the codes nor the lack of an occupancy permit prior to closing, and that they would not have purchased the house had they known.

Defendants were aware of the problems with the windows beginning in 1979. At the time of the sale in 1981, they knew the problem had not been remedied and also knew there was still no occupancy permit for the house. But defendants claim they

1. Since the award of punitive damages is not challenged on appeal, we do not decide the propriety of such an award in an equity action for rescission of a contract.

revealed all of this to the plaintiffs prior to closing. After closing defendants offered to remedy the problem, but plaintiffs say all the offered solutions were unacceptable to them.

The plaintiffs claim they were first made aware of the problem a week after closing when the Andersons' son came to install steps below the windows which would have brought them into compliance with the codes. Mr. MacCurrach refused to allow the work to be done and called the fire marshal to discuss the situation. Remedies were offered by the defendants but not one was acceptable to plaintiffs.

Plaintiffs notified defendants in May of 1981 that they had not accepted any solution to the problem. Plaintiffs sent defendants notice of rescission and subsequently brought this suit.

In addition to the testimony of the two plaintiffs and two defendants, defendants offered testimony of two witnesses who stated they had overheard conversations between Mr. Anderson and Mr. MacCurrach prior to closing in which the window problem was discussed. There was other conflicting evidence introduced by both parties to support their claims.

■ Defendants first contend that four of the nine essential elements of fraudulent misrepresentation were not pleaded in plaintiffs' petition and therefore the trial court erred in overruling defendants' pretrial motion to dismiss. The nine elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Heitman v. Brown Group, Inc.*, 638 S.W.2d 316, 319 (Mo.App.1982). The defendants claim elements (3), (5), (6) and (8) are not pleaded.

■ Missouri Supreme Court Rule 55.-15 requires that all averments of fraud state the circumstances constituting fraud with particularity. However, " 'a court of equity will not allow a formal mispleading to prejudice the substance of a claim, especially in cases of fraud.' " *Osterberger v. Hites Construction Co.*, 599 S.W.2d 221, 230–231 (Mo.App.1980). The petition has to sufficiently inform the other party and the court of the questions presented for decision, but "the rules of pleading do not apply with the same stringency to causes in equity when to do so impairs the inherent function of equity to give relief. That is only to say that equity looks to the substance of a claim not the form." *Id.*

Whether the pleading itself was defective need not be decided, because we rely on Rule 55.33(b), which states: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." There were no objections at trial to evidence that might have gone to show intent, materiality, plaintiffs' ignorance of the falsity of the misrepresentation, or plaintiffs' right to rely. Defendants claim no evidence was submitted on these elements. We disagree. Substantial evidence was adduced from which the trial court could reasonably infer these elements.

■ Although defendants filed motions to Dismiss and to Make More Definite and Certain and raised the issue of sufficiency of the pleadings in their answer, evidence sufficient to remedy the alleged pleading deficiencies came in without objection at trial. In *Harris v. Goggins*, 374 S.W.2d 6 (Mo. banc 1963), the defendant had, in a pretrial motion to dismiss, claimed the plaintiff had not set forth sufficient facts to entitle him to relief. The court stated: "In the situation presented, the fact that the pretrial motion was filed and overruled would not preclude the application of the rule heretofore stated concerning failure to object to testimony on an issue not pleaded." 374 S.W.2d at 13. The rule referred to is the present Rule 55.33. In *Mahler v. Tieman*, 550 S.W.2d 623 (Mo.App.1977), the defendant objected to an amendment made

to a pleading just before trial. No other objection was made to any evidence admitted during trial. The defendant argued in effect that the original objection to the pleading should be construed as a continuing objection. The court found this argument to be without merit. We find the same here. Defendants' objections to the sufficiency of the pleadings should not be treated as continuing during trial, where there was no objection to evidence at trial.

We hold that even if the pleading of plaintiffs was defective, we deem the pleading amended to conform to the evidence. *Seaton v. Weir,* 633 S.W.2d 212, 214 n. 4 (Mo.App.1982).

▮ Defendants next contend that the judgment was against the weight of the evidence. The standard of review in a court-tried case "requires this court to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. The judgment is to be affirmed under any reasonable theory supported by the evidence. Further, the appellate court must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence. Deference is accorded the trial judge even if there is evidence which might support a different conclusion." (Citations omitted.) *Ware v. Ware,* 647 S.W.2d 582, 584 (Mo.App.1983). Using this narrow standard of review, we uphold the trial court's judgment against the claim that it was against the weight of the evidence.

▮ Defendants state that the primary factual issue is whether the plaintiffs were aware of the problem with the windows prior to closing. The two plaintiffs testified they were not aware; the two defendants testified they had made plaintiffs aware before closing. Defendants had two corroborating witnesses who testified as to overhearing conversations about the windows prior to closing. Based upon the conflicting evidence, and the deference we must give to the trial court's opportunity to judge the credibility of the witnesses (Rule 73.01(c)), we cannot say the judgment was against the weight of the evidence.

▮ Defendants also claim the alleged concealment here was not material and that no damage to plaintiffs was established. There was evidence adduced to support the trial court's finding that plaintiffs did suffer damage in having a house which could not be approved for occupancy, a "material" problem. The allegation that the problem could be remedied easily as defendants claim does not override the trial court's finding, which we uphold, that plaintiffs rejected the proposed solutions for valid reasons.

▮ On the question of laches, the question is properly before this court even though the issue was not pleaded affirmatively as required by Rule 55.08. There was no objection by plaintiffs at trial to evidence of the dates of plaintiffs' actions, including sending the notice of rescission and filing suit or any evidence that might have shown a laches defense. Regardless, defendants failed to show any *prejudicial* delay on the part of the plaintiffs in bringing this suit. It was shown plaintiffs were corresponding with defendants in an attempt to reach a solution. When no satisfactory solution could be reached, plaintiffs gave prompt notice of rescission.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.