**Margaret PARKER, Plaintiff-Appellant,**

**v.**

**Roland ROGERS and Barbara Rogers and Kenneth Hayes and Theresa Hayes, Defendants-Respondents.**

**No. 49762.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 1, 1985.

**618**

Hyder & Prenger, Robert L. Hyder, Jefferson City, for plaintiff-appellant.

Lowell McCuskey, Linn, for defendants-respondents.

CRIST, Judge.

Parker appeals from the trial court's grant of a twenty foot prescriptive road easement to defendants. We affirm.

Defendants purchased their property in 1968. Since that time, defendants have used the road in question for ingress and egress to their property. The road crosses Parker's property. In 1983, Parker instituted a quiet title action against defendants. Defendants counterclaimed, asking for a prescriptive road easement in Count I; a private roadway of necessity in Count II; and an easement by necessity in Count III. The trial court found for defendants on Parker's quiet title petition. The trial court granted to defendants a twenty foot prescriptive road easement on Count I of their counterclaim, and declared Counts II and III moot. Parker appeals the twenty-foot prescriptive road easement.

▇▇▇ The principal issue in this case is the width of the easement. Parker asserts there was no evidence the easement used by defendants was twenty feet wide. There is conflicting testimony as to the width of the road. The road was at least seventy years old. There was testimony the road was originally twenty to twenty-four feet wide, but had narrowed through the years. A witness testified he graded the road and tried to keep the roadbed fifteen feet wide. This witness also testified that in order to grade a fifteen foot roadbed, gravel which eroded to the sides of the roadbed had to be recovered. There was also testimony large vehicles used the road regularly. In a court-tried case, the trial court assesses the credibility of witnesses. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483 (Mo.banc 1980). There is substantial evidence to support the twenty foot width of the easement.

▇▇▇ In her second point, Parker asserts there was no evidence defendants' use of the road was adverse. A use adverse to Parker is one of the elements defendants must show to establish a prescriptive easement. *See Auxier v. Holmes*, 605 S.W.2d 804, 810 (Mo.App.1980). An open, continuous and uninterrupted use for at least ten years, however, raises a presumption of adverse use. *Burgess v. Sweet*, 662 S.W.2d 916, 918 (Mo.App.1983). The burden then shifts to the landowner to show the use was permissive. *Id.* In the present case, defendants used the road openly for sixteen years. Their use was continuous and uninterrupted. Parker never interfered with defendants' use of the road. There is substantial evidence defendants' use of the road was adverse to Parker.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

DOWD, P.J., and CRANDALL, J., concur.