**COMMERCE BANK OF FESTUS, Appellant,**

v.

**Richard BRADSHAW, et al., Respondents.**

**No. 48901.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 8, 1985.

O'Brien & Guberman, W.H.S. O'Brien, Crystal City, for appellant.

Joseph P. Cunningham, III, Festus, for respondents.

CRIST, Judge.

Appeal from a judgment awarding Commerce Bank of Festus (Bank) $7,065.52, against Bradshaw Enterprises, Inc. (forfeiture corporation) and appellants Richard and Patsy Bradshaw (trustee), the statutory trustees of forfeiture corporation on a note made by forfeiture corporation. We modify, and affirm as modified.

Appellants admit forfeiture corporation is liable on the note. On appeal, they mainly contend the evidence was insufficient to show the Bradshaws, as statutory trustees of the forfeiture corporation under § 351.-525 RSMo (Cum.Supp.1984), were liable. We view the facts in the light most favorable to the judgment. *MacCurrach v. Anderson*, 678 S.W.2d 459, 463[8] (Mo.App. 1984).

The note in question was executed by forfeiture corporation to Bank on August 28, 1980. Interest of 16% was stated in the note. At trial, however, the Bank only claimed 10% interest. The amount due on the note, including attorney's fees and other costs of collection as provided in the note, and interest, was not challenged.

A second note, to finance the purchase of 12 steam carpet cleaners by forfeiture corporation, was executed by corporation to Bank on March 17, 1981. As a part of the transaction, trustees personally guaranteed the debts of forfeiture corporation to Bank. The corporation later failed, and the Small Business Administration (SBA) took possession of the business on June 10, 1981. The SBA sold the assets, inventory, equipment and fixtures of the business on July 14, 1983.

After the SBA sale, the only assets left in the corporation were the steam carpet cleaners. The second loan to Bank, the one used to purchase those cleaners, was paid on September 25, 1981. Trustees claimed this payment was the result of a sale of the cleaners to Patsy Bradshaw's father, who paid the loan as the purchase price. However, no documentation of the sale was presented to the trial court. Also, the cleaners, valued at $8,750.00, were listed on an income tax return as depreciable assets of "Twin City Carpet Care," a new business run by trustees personally. It was admitted the cleaners were being used in that business.

Following the SBA sale and the transfer of the carpet cleaners, forfeiture corporation appears to have been totally devoid of assets. Its corporate charter was forfeited on January 1, 1982 by the Secretary of State. Then, and at all other relevant times, the officers and directors of the corporation were the Bradshaws, and, upon forfeiture of the corporate charter, they became the statutory trustees of the corporation. Section 351.525 RSMo (Cum.Supp. 1984).

■ As the statutory trustees, the Bradshaws are liable for the debts of corporation to the extent property and effects of the corporation come into their hands. *Mercantile Trust Co. Nat. Ass'n. v. Mosby*, 623 S.W.2d 22, 24[3] (Mo.App.1981). The evidence presented justified a finding an asset of the corporation, specifically the steam carpet cleaners valued at $8,750.00, were in the hands of the statutory trustees. Therefore, they could be liable for the debts of the corporation in an amount not exceeding $8,750.00, which is in excess of the judgment of $7,065.52. There was no error in entering judgment for that amount. *Id.*

■ The other point relied on presented by appellant states:

2. The judgment entered in this case by the Trial Judge was against the evidence at the trial; the Judgment was for the wrong party; the judgment was so vague as to be unenforceable.

We decline to consider this point. Appellant did not follow the point with any citations of authority, as required by Rule 84.-04(d), nor has any authority been cited in the argument portion of the brief, which was unpersuasive as to any contentions apparently contained within the point. We deem the point abandoned. *Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912[6] (Mo.App.1984).

■ We note the trial court, in its entry of judgment, recited the interest as being 16%. At trial, Bank claimed and the court actually awarded interest of 10% in its judgment. We modify the judgment to show interest at 10% and affirm the judgment as modified.

DOWD, P.J., and CRANDALL, J., concur.