Maurice HODGES and Virginia Hodges,
Plaintiffs-Respondents,

v.

Nelson LAMBETH and Virginia Lambeth, Defendants-Appellants.

No. 51108.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 16, 1987.

Michael Wayne Brown, Union, for defendants-appellants.

Walter D. McQuie, Montgomery City, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendants appeal from a decree of the trial court finding plaintiffs to have a non-exclusive easement of right-of-way across defendants' property. The decree also established the boundaries of plaintiffs' land. Defendants challenge both findings. We affirm.

The parties' land is located on the Gasconade river. There are four residences located on the river between Feigler's Ferry Road and Held's Island Road. Plaintiff's own the two houses at the north nearest to Feigler's Ferry Road. Defendants own and they and their daughter reside in the two southernmost houses nearest to Held's Island road. Feigler's Ferry Road and Held's Island Road come together several hundred feet to the east of the property of the parties forming a triangle with the river. The disputed easement runs between the two roads and just to the east of the houses. It was described as a gravel road, a buggy road, and a driveway. It serves as access to the houses of the parties. The questions in dispute are whether the driveway went all the way through and whether it was used by plaintiffs to provide access to both roads or only to Feigler's Ferry Road. There was conflicting evidence on these questions.

All of the land was owned at one time or another by Null Licklider. In 1953 he sold one parcel to the Rethmeiers and in 1958 another to plaintiffs. At the time of the sale to Rethmeiers, Licklider owned land adjacent to the Rethmeier tract on both the south and north. He did not own at that time the land adjacent to Held's Island Road. His deed to Rethmeiers contained the statement "Grantees to have right of ingress and egress over private road of grantors premises." The 1958 deed to Hodges was for the Licklider tract north of the Rethmeier property and adjacent to Feigler's Ferry Road. In 1983 Hodges purchased the Rethmeier tract. Three days after the sale to the Hodges in 1958 Licklider purchased the remaining property north of Held's Island Road, except for a small .09 acre plot belonging to the Haddox. An entrance to Licklider's newly acquired property was over the driveway from Held's Island Road. Licklider also utilized the Feigler's Ferry Road to reach his new property. In 1960 the driveway was relocated by making a bend in it. The record is not clear whether the original driveway traversed the Haddox tract, but the relocated driveway did. In 1976 the Haddox deeded the .09 acre tract to Licklider and the Lambeths as joint tenants with right of survivorship.

In 1966 Licklider sold the property adjacent to Held's Island Road to the Lambeths who built a house thereon. In 1974 Licklider transferred his new clubhouse site south of the Rethmeier property to himself and the Lambeths as joint tenants with right of survivorship. Licklider died in 1978. The new clubhouse site is now occupied by Lambeth's daughter. In 1980 Lambeth built a fence at the south Rethmeier property line and at sometime thereafter prevented further use by plaintiffs of the driveway to Held's Island Road. This suit followed.

■ Our review is that mandated by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We review the evidence in the light most favorable to the trial court's decree. If there is substantial competent evidence to support that decree, we must affirm unless the judgment constitutes a misapplication of the law. Plaintiffs advance three theories for upholding the judgment. The first is that there was evidence that the road in question was a public road. The trial court found that plaintiffs are the owners in fee simple absolute of a fourteen foot easement. We cannot interpret that as a finding of a public road. Plaintiffs also contend that they received an easement by deed or alternatively they acquired an easement by prescription.

The Hodges are the successors in title to the Rethmeiers. The Rethmeier deed pro-

vided for a right of ingress and egress over a private road of grantor's premises. Licklider also orally advised them that the road would be open and available for their use throughout its entire length. Grantor owned land on both sides of the Rethmeier tract. There was considerable evidence that the road was open and used extensively from Held's Island Road to Feigler's Ferry Road for many years before the Rethmeier deed and thereafter until 1980. There was evidence that Licklider advised plaintiffs when they bought their land that the entire length of the road would remain open at all times, and that he interposed no objection to its use by anyone. The evidence of plaintiffs was that they utilized the road to obtain access to their property from both Feigler's Ferry Road and Held's Island Road throughout their ownership of the property until sometime after 1980.

In their briefs the parties have not analyzed the nature of the easement purportedly granted in the Rethmeier deed. If it is an easement appurtenant it would pass with the land. If an easement in gross it would not. *Three-O-Three Investments, Inc. v. Moffitt,* 622 S.W.2d 736 (Mo. App.1981) [6–8]. An essential legal attribute of an easement appurtenant for right of way purposes is that one terminus of the right of way must lie on the land to which it is claimed to be appurtenant. *Id.; Downey v. Sklebar,* 261 S.W. 697 (Mo.App. 1924) [1]. The Rethmeier tract does not appear to meet that qualification as the right of way went through that tract; it did not terminate there. If the easement was not appurtenant it may well have been one personal to Rethmeiers which would not pass with the land to Hodges, even though the deed from Rethmeier to Hodges purported to convey the easement. Thompson, Commentaries on the Modern Law of Real Property, §§ 324, 325 (vol. 2 1980). As this matter has not been briefed we will not further explore it.

An easement by prescription is created by a use of certain property shown to be continuous, uninterrupted, visible and adverse for a period of ten years. *Brown v. Redfern,* 541 S.W.2d 725 (Mo.App.1976) [2–4]. Successive periods of adverse use may be tacked together if privity exists between the users. *Id.* Privity exists here between Licklider and Rethmeiers and Hodges and between Licklider and Hodges. There was substantial and competent evidence that visible, continuous, and uninterrupted use of the entire length of the roadway was made by the owners of the present Hodges property for well over thirty years. Defendants rely predominately upon the contention that the use was not adverse. It must be noted that adversity of use and adversity of possession are distinguishable. In the former it is the non-exclusive use which confers title, while in the latter it is the exclusive possession which creates the title. *Lacy v. Schmitz,* 639 S.W.2d 96 (Mo.App.1982) [4–6, 7, 8].

Under prescriptive use, the use is adverse if, while being made, the user does not recognize any authority in those against whom the use is claimed to either prevent or permit its continuance. *Brown v. Redfern, supra,* [9–11]. Adverse use is not necessarily belligerent use. The evidence here is sufficient to establish that Hodges believed that in acquiring the land from Licklider they acquired the right to utilize the roadway, not simply Licklider's permission to do so. The evidence further establishes that Licklider believed he had the right to use that portion of the roadway not on land belonging to him for access to his property and that Hodges believed they also acquired that right when they purchased their land. The evidence was sufficient to establish an easement by prescription.

The defendants also claim error by the trial court in establishing the boundary lines of plaintiffs' property. This is based upon the trial courts finding that the identification point for the corner of defendants' land was an "old bolt" found by plaintiffs' surveyor. There was testimony, disputed

by defendants, that Mr. Lambeth had told the surveyor that the bolt was the location of his corner. The trial court heard extensive testimony from the surveyors of each party and made its finding that the boundary established by plaintiffs' surveyor was the correct boundary. That finding has evidentiary support.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.