**Jerry MEYER and Judy Meyer, his wife, Plaintiffs–Appellants,**

v.

**Dan PIERCE and Barbara Pierce, his wife, Defendants–Respondents.**

No. 53413.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

Steven P. Kuenzel, Washington, for plaintiffs-appellants.

Richard D. Whiffen, Union, for defendants-respondents.

SMITH, Judge.

Plaintiffs appeal from the judgment of the trial court decreeing a prescriptive easement in favor of defendants over plaintiffs' land. Plaintiffs had sought an injunction and damages for trespass and defendants counterclaimed for a prescriptive easement.

Highway 100 runs through plaintiffs' land in Franklin County. A narrow roadway runs from Highway 100 near plaintiffs' land onto plaintiffs' property, through that property into property owned by Mrs. Hamm, where the road adjoins defendants' property until terminating deeper in the Hamm property. Mrs. Hamm (then Lesse) had acquired the land from her husband's cousins in 1938. The Lesse's initial acquisition included defendants' land which defendants acquired from Mrs. Hamm in 1977. The Hamm's grantors had lived on the property "all their lives" and Mrs. Hamm had traveled the road to get to the property from at least 1928. Plaintiffs' property was owned at that time by the parents of plaintiff Jerry Meyer. The plaintiffs acquired their property in 1981 upon the death of his mother. The road in question is the sole means of ingress and egress to the Hamm property and to defendants' property and has been since at least 1928.

The evidence clearly established open, notorious, continuous and uninterrupted use of the road by defendants and their predecessors in title since 1928. Such proof in the absence of evidence that the use was permissive raises the presumption that the use was adverse and under a claim of right. *Burgess v. Sweet*, 662 S.W.2d 916 (Mo.App.1983) [5, 6]. The proven elements plus the presumptive elements establish a

prescriptive easement. *Hodges v. Lambeth,* 731 S.W.2d 880 (Mo.App.1987) [4, 5].

Plaintiffs contend that permissive use was established by Mrs. Hamm's testimony, which giving it a reading favorable to plaintiffs, indicated that her initial use in 1928 was with permission of plaintiffs' predecessors in title. Mrs. Hamm was at the time of trial in her late 70's and had some trouble hearing. Her answers, relied upon by plaintiffs, could be interpreted as reflecting a confusion between permission and non-objection, as she prefaced her responses to questions of permission by referring to close friendship. In answer to one question of whether plaintiffs' predecessors had come to her and said, "You have permission to use the road" she did respond, "Why sure, we used it for years."

The trial court made a finding of fact:

"Even though Mrs. Hamm answered 'yes' to the inquiry if Plaintiffs' predecessors in title ... had given her permission to use the road, this answer was inconsistent with her affidavits given both before and after trial and the court finds that there is no credible evidence that Mrs. Hamm or her predecessors used the road with 'permission.'"

The affidavits referred to was one filed in support of a motion for summary judgment and one filed after trial to reopen the testimony of Mrs. Hamm. The affidavits should not properly have been treated as evidence if indeed the trial court did so. *Stanfill v. Stanfill,* 505 S.W.2d 438 (Mo. App.1974) [2–5]. But the trial court is the ultimate judge of the credibility of witnesses and having had the opportunity to observe the witness, her physical and mental condition, her demeanor, and to assess her testimony, the court found her testimony of permission not credible. We are bound by that determination. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), Rule 73.01. We might add, unnecessarily, that Mrs. Hamm's testimony at least by inference established that the road was the only access to the property when she first began using it in 1928 and permission to her at that time does not establish similar permission to the then owners. The court's finding of a prescriptive easement was not erroneous.

The court granted an easement of thirty feet. The only evidence at trial was that the road was ten to twelve feet wide. The character and extent of a prescriptive easement is determined by the character and extent of the use during the prescriptive period. *Lacy v. Schmitz,* 639 S.W.2d 96 (Mo.App.1982) [8]. The court erred in widening the easement beyond that prescriptively obtained and the case is remanded for award of an easement within the proof.

We do not find, as plaintiffs contend, that the trial court failed to establish the exact location of the easement. It awarded the easement on the basis of the center line of an existent road clearly identifiable. Upon remand, however, the exact legal description can be included in the decree.

We reject defendants' motion for damages, attorney's fees and costs for a frivolous appeal and similarly find no merit to their contention that Mrs. Hamm was a necessary party.

Judgment affirmed as modified.

KAROHL, P.J., and KELLY, J., concur.