Thomas **HERMANN** and Lucille Hermann, Plaintiffs–Appellants,

v.

Tom **LICKLIDER**, d/b/a Tom's Standard Service, Defendant–Respondent.

No. 54259.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 15, 1988.

Ronald F. Borgmann, St. Louis, for plaintiffs-appellants.

William F. James, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiffs, Thomas Hermann and Lucille Hermann, appeal from the judgment, in a court-tried case, in favor of defendant, Thomas Licklider d/b/a Tom's Standard Service. We affirm.

Plaintiffs took their automobile to defendant's service station for the purpose of having the power steering pump replaced. While removing the bolts which affixed the steering pump to the block, defendant's employee discovered that the engine block on plaintiffs' automobile was cracked. Plaintiffs subsequently brought this negligence action against defendant for the damage to their automobile.

■ Our review in a court-tried case is guided by the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The parties did not request, nor did the trial court make, findings on controverted fact issues. *See* Rule 73.01(a)(2). We therefore assume that all determinations of fact were made consistent with the judgment entered by the trial court. *City of Ladue v. Horn*, 720 S.W.2d 745, 748 (Mo.App.1986).

■ Plaintiffs' sole point on appeal is that the trial court erred in entering judgment for defendant. Here, the only evidence which plaintiffs offered at trial to establish defendant's negligence in servicing their automobile was that there had been no indication that the engine block was cracked before taking their vehicle to defendant's service station. Defendant's employee, the mechanic who serviced the automobile, testified that he had noticed that the block was cracked upon removal of the steering pump bolts; that he had removed the bolts with an apparatus specially designed for that purpose; and that he had not pried the bolts off. It was within the discretion of the trial court to believe the mechanic, even if there was evidence which might support a different result. *See MacCurrach v. Anderson*, 678 S.W.2d 459, 463 (Mo.App.1984).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.