Jo Lee **TADLOCK** and Bonnie Lehman, Plaintiffs–Respondents,

v.

Jim **OTTERBINE** and Juanita Otterbine, Defendants–Appellants.

No. 15936.

Missouri Court of Appeals, Southern District, Division One.

April 3, 1989.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for defendants-appellants.

C.R. Rhoades, Rhoades, Paul & Paul, Neosho, for plaintiffs-respondents.

HOLSTEIN, Chief Judge.

Defendants Jim Otterbine and Juanita Otterbine appeal from a judgment entered on the first count of a six-count petition filed by plaintiffs Jo Tadlock and Bonnie Lehman seeking to establish a prescriptive easement across defendants' property. Following a trial to the court, the judge found the allegations of Count I of plaintiffs' petition to be true and entered judgment in favor of plaintiffs establishing an easement twenty feet wide across defendants' property.

On appeal defendants raise four points. The first point suggests that the judgment granting the easement is not supported by the evidence and that the factual findings by the court are inconsistent with its judgment. The second and third points assert that the evidence established an easement in favor of plaintiffs across defendants' property by necessity, which as a matter of law cannot give rise to a prescriptive easement. In point four defendants argue that plaintiffs' use of the easement was permissive and not adverse to defendants' title.

Plaintiffs are the owners of a forty-acre tract located in section 8, township 21 north, range 33 west in McDonald County. Jo Tadlock, one of the present owners of the property, first acquired an interest in the land in July of 1975 from the Steven-

sons. The Stevensons obtained title from people by the name of Eyster. The Eysters received ownership from Tony and Ruth Henderson.

The tract is located about a quarter of a mile south of Road TT, an east-west public roadway. The roadway which is the subject of this litigation is a north-south road. It terminates at TT on the north. Following the road in a southerly direction, it first enters and crosses property owned by a couple by the name of Nichols before traversing the Otterbine property. Its southern terminus is the Tadlock property. Plaintiffs have a deeded easement for that portion of the road which crosses the Nichols' property.

The Hendersons purchased the property in April of 1950 and owned it until 1970. Tony Henderson was not available at trial. However, Ruth Henderson testified regarding their use of the roadway across defendants' property prior to 1970. According to Mrs. Henderson, she and her husband used the road crossing defendants' land to reach their property. She had no recollection of the road ever being blocked, although she recalls that one of the defendants' predecessors in title placed a cord and some sacks across the roadway to obstruct it. That owner ultimately removed the obstruction. She denied that she sought permission to use the road from defendants or their predecessors in title. She said the road had been in existence for over fifty years.

Jo Lee Tadlock testified that after she acquired the property in 1975, there were no obstructions on the road. Ms. Tadlock paid to have the road maintained and in 1985 installed a "whistle" in the road to stop the road from washing. In May of 1985 the whistle was torn out by Mr. Otterbine, and he installed an "okie type" gate (two posts with barbed wire strung between) four feet north of a preexisting entry gate. Ms. Tadlock took it down, and Mr. Otterbine put it back up. It was apparently this activity that precipitated the present litigation.

Ms. Tadlock denied that her use of the road was ever permissive. She also denied

that she ever had to obtain a key from the Otterbines to open any gates. She admitted that from time to time gates had been placed on the roadway by her to prevent the escape of cattle on the Nichols' property or the Otterbine property, and that a cattle guard and gate had been placed on the roadway where it first leaves TT and enters the Nichols' property.

The defendants presented evidence that for many years locked gates have been placed at the point where the road enters their property on the north and that a gate has existed where the road terminates at the Tadlock property on the south. Defendants also claim Tadlock and her predecessors in title always sought and obtained permission to use the roadway.

■ The first part of defendants' first point correctly asserts that the grant of a twenty-foot-wide easement was not supported by the evidence. A survey of the existing roadway admitted in evidence without objection described it as "a strip of land 14' in width for purposes of ingress and egress, 7' each side of the following described line." The only other evidence of the road width was the testimony of Mr. Otterbine that the roadway was about twelve feet in width. The character and extent of a prescriptive easement is determined by the character and extent of use during the prescriptive period. *Stickle v. Link*, 511 S.W.2d 848, 854 (Mo.1974); *Meyer v. Pierce*, 753 S.W.2d 79, 80 (Mo.App. 1988). Absent some evidence showing use of a roadway twenty feet in width, the entry of a judgment granting an easement of such width is erroneous. However, we do not believe that error requires an outright reversal or remand for a new trial. Such error only necessitates correction of the judgment limiting the width of the easement to that supported by the evidence. *See Meyer v. Pierce, supra.*

■ The second part of the argument under Point I suggests that the trial court made inconsistent findings when it found that plaintiffs acquired the easement by prescription and also found that plaintiffs acquired title to the easement by deed. Defendants argue that these inconsistent

findings do not support the judgment establishing the easement.

To understand this convoluted argument requires a recital of portions of the pleading contained in Count I of plaintiffs' petition and the wording of the trial court's judgment. In Count I plaintiffs allege:

> 1. That your plaintiffs are the owners in fee simple to title to the following-described real estate located in the County of McDonald, State of Missouri:
>
> See Attached Exhibit "A"
>
> 2. That the ownership of the aforesaid property was acquired by General Warranty Deed ... recorded in Book 170, at Page 408 in the office of the Recorder of Deeds of McDonald County, Missouri.

The petition further alleged:

> [T]here was established an easement for a private passway for road purposes running ... the whole length of certain property owned by Defendants immediately North of the Plaintiff's property, which easement has been in the open[,] continuous, hostile and adverse possession of Plaintiffs' and their predecessors in title for more than (10) ten years....

Evidence at trial established that the Exhibit "A" attached to the petition is not a legal description of plaintiffs' real estate, but is a survey of the roadway in question. After the trial judgment was entered which included the following statement: "The Court finds the allegations contained in Count I of Plaintiff's Petition are true and finds on behalf of the Plaintiffs and against the Defendants in Count I...."

Defendants now argue that the court in effect made a finding that plaintiffs had a deed to the easement described in Exhibit "A" and also found the same easement to be established by prescription, and that these findings are "totally inconsistent and mutually exclusive" and result in "a judgment that has no substantial evidence to support it."

Defendants' analysis overlooks an obvious and well-established pleading rule. When a variance occurs without objection between a pleading and proof, such variance, particularly in court-tried cases, shall be considered immaterial and the pleadings are deemed amended to conform with the proof. *Pike v. Pike*, 609 S.W.2d 397, 400 (Mo. banc 1980); Rule 55.33(b).[1] The proof in this case clearly demonstrates that the recorded deed referred to in the petition contained the description of plaintiffs' property, and that Exhibit "A" attached to the petition was a survey of the easement claimed by plaintiffs across defendants' land. This evidence was admitted without objection. Treating Count I as having been amended to conform to the evidence, the court's findings and judgment are not inconsistent in any respect. The second part of defendants' first point is denied.

Defendants' second and third points claim that the court erroneously failed to sustain defendants' motion for directed verdict, and granted an easement across defendants' land based on adverse possession, when the proof established an easement by necessity as provided in § 228.340.[2] Defendants cite *Roberts v. Quisenberry*, 362 Mo. 404, 242 S.W.2d 26, 28 (1951) for the proposition that use of a way by necessity cannot be adverse or confer a prescriptive right so long as the necessity continues. The flaw in defendants' argument is the assumption that the evidence establishes plaintiffs' use existed as a way by necessity. The evidence does not show the existence of a way by necessity.

■ Missouri law affords two remedies to owners of real property who have no means of ingress or egress: (1) the statutory method under § 228.340, or (2) the common law easement by necessity. *King v. Jack Cooper Transport Co.*, 708 S.W.2d 194, 196 (Mo.App.1986). The existence of a common law easement by necessity requires a showing of prior unity of title of the plaintiffs' and defendants' land. *Id.* In this case there was no evidence of prior unity of title; thus, no common law easement by necessity was established.

---

1. Rule references are to Missouri Rules of Court (20th ed. 1989).

2. All references to statutes are to RSMo 1986.

 Contrary to defendants' argument, the statutory easement by necessity is not established merely because a particular route is used as the only means of ingress and egress to a tract. A proper pleading must be filed in the circuit court. § 228.340. Among other elements of proof at trial, the plaintiff must show that he has no legally enforceable alternative route from his land to a public road. *Hill v. Kennoy, Inc.*, 522 S.W.2d 775, 777 (Mo. banc 1975); *Lewis v. Hilkerbaumer*, 599 S.W.2d 7, 8 (Mo.App.1980). A statutory easement by necessity is established only when an order is entered by the circuit court. § 228.380. Here, plaintiffs proved a legally enforceable prescriptive easement, and there was no showing of a court order under § 228.380 predating the establishment of plaintiffs' rights to the easement by prescription. In short, plaintiffs' use was not shown to be pursuant to a way of strict necessity established by the statute. Defendants' second and third points are without merit.

 Defendants' fourth and final point is that plaintiffs' use was permissive and could not ripen into a prescriptive easement because of adverse user. As previously noted, the evidence in this case indicates that the road had been in existence for over fifty years. Since the early 1950's, the road was used by plaintiffs and their predecessors in title as a means of access to their property. The evidence further established that the plaintiffs' use was open, continuous, and uninterrupted, which in turn gives rise to a presumption that the user was adverse. *Parker v. Rogers*, 698 S.W.2d 617, 618 (Mo.App.1985). In the absence of some showing that the use was permissive in its origin, the burden is cast on the opposing party to show that the use was permissive rather than adverse. *Carpenter–Union Hills Cemetery Ass'n v. Camp Zoe, Inc.*, 547 S.W.2d 196, 200 (Mo. App.1977). No witness was produced to testify regarding the origin of the road's use. Thus, the burden fell upon defendants to prove permissive use. Ruth Henderson and Jo Tadlock both testified that their use was never permissive. De-

fendants presented evidence to the effect that the use was permissive.

In this court-tried case, we defer to the trial court's superior opportunity to judge the credibility of the witnesses. Rule 73.-01(c)(2). "Conflicts in the evidence were for the trial court to resolve, and the facts must be taken in accordance with the result reached...." *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980). The trial court was entitled to, and apparently did, believe the plaintiffs' use of the roadway was adverse to defendants' rights. The fourth point is denied.

As noted in the first point, that portion of the judgment describing the road as twenty feet in width is set aside, and the judgment is remanded to the trial court for correction so that the road, as described, shall not be more than fourteen feet in width. In all other respects, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.