**STAN CUSHING CONSTRUCTION COMPANY, INC., Plaintiff–Appellant,**

**v.**

**CABLEPHONE, INC., Defendant,**

**and**

**Bert D. Cantrell, Defendant–Respondent.**

**No. 17379.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1991.

Gary T. Nelms, Wear, Karchmer & Nelms, Springfield, for plaintiff-appellant.

No appearance for defendant-respondent.

PREWITT, Presiding Judge.

Plaintiff claimed that defendant Cablephone, Inc. was obligated to plaintiff on a promissory note of $25,000. The note was given as consideration for the sale by plaintiff of vehicles and equipment to Cablephone, Inc. Plaintiff also claimed a security interest in the vehicles and equipment. Liability of Cablephone, Inc. on the note was not disputed and the judgment reflected that liability.

Liability is claimed against defendant Cantrell (1) as a statutory trustee following the forfeiture of the corporate charter of Cablephone, Inc. and (2) for having possession of property on which plaintiff had a security interest and not allowing plaintiff to have it. The only issue at trial which is carried through on appeal is the liability of defendant Cantrell. Following trial without a jury, judgment was in his favor.

Plaintiff appeals from that finding. Plaintiff by its brief claims four points of error committed by the trial court. After having been granted two extensions, defendant Cantrell did not file a brief.

In ruling for Cantrell the trial court found that plaintiff "failed to prove and the Court is unable to make an itemization of the equipment in possession of any Defendant at the time of the forfeiture of the corporate charter of Cablephone, Inc." Plaintiff contends that this failure of proof was caused by the trial court excluding from evidence two letters listing vehicles and equipment of Cablephone which Cantrell had in his possession twenty-nine days after the corporate charter of Cablephone, Inc. was forfeited. These documents were excluded on the basis that they constituted part of an offer of settlement.

■ Because the law favors settlements, evidence regarding settlement negotiations is excluded because such effort should be encouraged and the party making an offer should not be penalized by revealing the offer if the negotiations fail to materialize. *Owen v. Owen*, 642 S.W.2d 410, 414 (Mo. App.1982). An exception to this rule "is that if an offer of settlement also constitutes an admission of an independent fact pertinent to an issue between the parties, then the offer of settlement is admissible". *Id.*

■ If the letters consisting of the exhibit were part of an offer of settlement, and that is not clear, the exception will apply in this case. The letters contained admissions that following the forfeiture of Cablephone, Inc.'s charter defendant Cantrell, a statutory trustee of the defunct corporation, had possession of certain vehicles and equipment of the former corporation which it bought from plaintiff.

■ Cablephone, Inc. was a corporation formed under the provisions of chapter 351, RSMo 1978. When the charter of such a corporation is forfeited, its last directors and officers become trustees of the corporation to wind up its business and affairs "and the trustees shall be jointly and severally responsible to the creditors and share-holders of the corporation to the extent of its property and effects that shall come into their hands." § 351.525(4), RSMo Supp.1983 (since amended, see RSMo Supp. 1990). As a statutory trustee Cantrell is liable for the debts of the corporation to the extent property and effects of the corporation came into his hands. *Commerce Bank of Festus v. Bradshaw*, 699 S.W.2d 119, 120 (Mo.App.1985).

■ The omitted exhibit, part of which was a letter signed by defendant Bert D. Cantrell, established that he had possession of assets of the corporation. The exhibit showed the property came into his hands after the corporation's charter was forfeited. Hence, the exhibit was relevant and material on that basis. The vehicles and equipment could not be located and Cantrell's only explanation was they were sold at an auction. Testimony of the auctioneer established that the auction occurred before Cantrell's letter showing he had possession of the property. Undisputedly Cantrell did not carry out the mandate of § 351.525(4), RSMo Supp.1983.

In a separate point plaintiff contends the trial court erred in excluding the testimony of Tom Ingram on the values of the vehicles and equipment which defendant Cantrell's letter showed him having possession of after the forfeiture of Cablephone, Inc.'s corporate charter. Ingram formerly was a stockholder of plaintiff and was familiar with the property plaintiff sold to Cablephone, Inc. Ingram operates a business which does construction work similar to that which Cablephone, Inc. performed. Ingram had been involved in the buying and selling of equipment in the industry and had knowledge of the value these types of vehicles and equipment had in November of 1983.

The trial court sustained an objection that there was not a "proper foundation laid" as "sufficient facts" had not been hypothesized to allow the witness to express the value of the equipment. Had there been a question raised as to whether Ingram was an expert on the values, then perhaps additional facts establishing him as one could have been elicited but that

was not the basis of the objection nor apparently of the court's ruling.

Following the trial court's ruling the witness testified, as part of an offer of proof, giving the value of each vehicle and piece of equipment in November of 1983. The testimony showed that this property had a value of at least $11,300. There was no other evidence of its value in the case. Section 490.065, RSMo Supp.1990, in effect at the time of trial stated:

> **Expert witness, opinion testimony admissible—hypothetical question not required, when.—1.** In any civil action, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
>
> 2. Testimony by such an expert witness in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
>
> 3. The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.
>
> 4. If a reasonable foundation is laid, an expert may testify in terms of opinion or inference and give the reasons therefor without the use of hypothetical questions, unless the court believes the use of a hypothetical question will make the expert's opinion more understandable or of greater assistance to the jury due to the particular facts of the case.[1]

■ As just stated in subsection 4, hypothetical questions are no longer necessary unless the court believes their use would make the expert's opinion more understandable or of greater assistance "to the jury". The record does not indicate that the court was of the belief that a hypothetical question would have made the expert's opinion more understandable nor was there a jury.

■ Cases since the enactment of § 490.-065 still indicate that the omission or exclusion of expert testimony is within the discretion of the trial court and will not be interfered with unless it plainly appears that the discretion is abused. See *Spain v. Brown*, 811 S.W.2d 417, 423 (Mo.App.1991). However, the question of whether such opinion is based on and supported by sufficient facts or evidence is a question of law for the court. *Id.*

■ Ingram had not seen the property for some time, but even if he had never seen it, that alone would not have precluded his testimony if sufficient facts to establish its value were presented to him. See *Danley v. Smith's Estate*, 539 S.W.2d 18 (Mo.App.1976); *Langdon v. Koch*, 435 S.W.2d 730, 732 (Mo.App.1968); *Sparks v. Daniels*, 343 S.W.2d 661, 668 (Mo.App. 1961); *Jones v. West Side Buick Auto Co.*, 231 Mo.App. 187, 93 S.W.2d 1083, 1087–1088 (1936).

■ Ingram was familiar with the vehicles and equipment and with values of other equipment in the industry. A reasonable foundation was laid and the necessity of asking a hypothetical question under subsection 4 of § 490.065 is not generally required. By not having the equipment or properly disposing of it under his duty as a statutory trustee of a defunct corporation, defendant Cantrell caused plaintiff difficulty in proof of the values. With these factors in mind this court concludes that the trial court abused its discretion in sustaining the objection to the testimony.

■ In light of this court's determination on plaintiff's two points discussed, the other contentions it raises, even if correct, would not change the result. The record indicates that if encumbered, the equipment was encumbered by a lien of plaintiff, a contention it advances. As the equipment cannot be located and as a judgment

---

1. Generally on this statute, see Hopkins, *Expert Testimony: New Rules, New Questions*, 46 J.Mo.B. 175 (1990).

for its value is plaintiff's only relief, it is not necessary to decide whether plaintiff had a valid lien on it. There was an additional piece of equipment sold by plaintiff to Cablephone, but it was not established that it was sold or otherwise disappeared by the act of defendant Cantrell. Plaintiff is entitled to a judgment for the value of equipment Cantrell possessed on the theory that defendant Cantrell breached his duty as a statutory trustee.

Both the exhibit listing the equipment in defendant Cantrell's possession and the testimony of Ingram was "preserved" and thus is considered by this court on appeal. Rule 73.01(c)(3). Based on that evidence judgment should have been rendered for plaintiff and against defendant Cantrell for no less than $11,300.

The portion of the judgment denying plaintiff recovery against defendant Bert D. Cantrell is reversed and the cause is remanded with directions that the trial court amend its judgment by finding for plaintiff and against defendant Bert D. Cantrell in the sum of $11,300 and costs. In all other respects the judgment is affirmed.

CROW and PARRISH, JJ., concur.