Agnes E. LEWIS and W. O. Lewis, her husband, Respondents,

v.

Gustav HILKERBAUMER, Armin Hilkerbaumer and Verna Hilkerbaumer, his wife, Appellants.

No. 41497.

Missouri Court of Appeals, Eastern District, Division Three.

April 1, 1980.

**8**

Thomas J. Briegel, Union, for appellants.

Edward A. Stierberger, Union, for respondents.

DOWD, Presiding Judge.

This is an appeal by the Hilkerbaumers (herein defendants) from a judgment rendered in Franklin County wherein the plaintiffs were granted a private roadway over defendant's land pursuant to § 228.340, RSMo 1969.

The facts, as well as they can be ascertained in the absence of a diagram, are that the plaintiffs owned land on both the north and south sides of the Bourbeuse River. Both parcels were utilized by the plaintiffs or their lessees as crop lands. The defendants owned the land adjacent to the plaintiffs' southern parcel. The plaintiffs' access to their southerly portion of their farm was limited to either fording the river or crossing a bridge owned by the railroad, then traveling along the river through the defendants' farm.

Defendants claim that it was error for the trial court to award a private roadway through their farm because the plaintiffs did not prove that the road was of necessity. Defendants also complain that the court did not give sufficient weight to the hardships which would be sustained by other landowners in the vicinity as a result of the court's decision.

█ Section 228.340, RSMo 1969 requires that the roadway sought "is a way of strict necessity". "Strict necessity" is construed to mean that the party seeking the roadway has "no 'legally enforceable right' to use an alternative route."[1] *Sutter v. Sims,* 563 S.W.2d 533, 535 (Mo.App.1978).

█ Defendants contend that because the plaintiffs had reached their southern parcel for a number of years by fording the river they were merely seeking a roadway as a matter of convenience and not out of strict necessity. There was sufficient evidence, however, that the river was frequently too high to ford. One witness, a lessee of the southern portion, testified that he was forced to delay planting until the river was low enough for him to ford it with his farming equipment. Fording the river was therefore properly discounted as an alternative route. There is no evidence in the record to indicate that the plaintiffs

1. A showing of "strict necessity" as required by § 228.340, RSMo 1969 is not to be confused with the common law easement by strict necessity allowed only upon proof of prior unity of title and subsequent deprivation of access to a public roadway. *Compare Hill v. Kennoy, Inc.,* 522 S.W.2d 775, 777 (Mo. banc 1975); and *McDougall v. Castelli,* 501 S.W.2d 855, 858 (Mo.App.1973).

had any legally enforceable alternative route to a public road except through the defendants' farm. Defendants' first point is ruled against them.

Defendants assert in their second point that the court should not have granted the roadway because the injury and inconvenience to the defendants is far outweighed by the benefit to the plaintiffs.

■ In determining the necessity of a roadway the respective benefits and burdens of the parties are factors to be considered by the court. *Sutter v. Sims, Id.* at 536 citing *Welch v. Shipman*, 357 Mo. 838, 843, 210 S.W.2d 1008, 1011 (1948).

It is the defendants' position that if plaintiffs bring their farming machinery across the railroad bridge, which the evidence indicates they will if the roadway is granted, the bridge will collapse due to its age and poor condition. Defendants introduced evidence that if the bridge collapses the surrounding landowners will have to pay for its reconstruction. In the defendants' opinion the more reasonable route would lie to the east where plaintiffs could reach a public road by crossing the land of another landowner.

■ To rebut the defendants' claims concerning the poor condition of the bridge plaintiffs presented evidence that the bridge had been certified as safe for school buses and in the opinion of one witness would support single-axle gravel trucks. This court is not in the position to judge the credibility of the testimony presented at trial. This is more properly left to the trial court. *Roth v. Roth*, 571 S.W.2d 659, 665 (Mo.App.1978). After considering the record we find that there was sufficient evidence to sustain a finding by the trial court that the increased use of the bridge by plaintiffs would not work an undue hardship upon the defendants or other landowners in the vicinity. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). As for defendants' claim that it would be more reasonable for plaintiffs to travel east it is for the plaintiffs to determine against whom they will proceed in seeking a roadway. The

defendants may not defeat the plaintiffs' claim by showing that other landowners exist against whom the plaintiffs may have asserted a claim. *Hill v. Kennoy, Inc.*, 522 S.W.2d 775, 778 (Mo. banc 1975).

Defendants' claim that the proposed roadway is unreasonable because it will pass through an area of his farm which is often flooded does not warrant extended comment. The roadway will not be established by either party nor by the court but by a citizens commission appointed pursuant to § 228.340, RSMo 1969. This commission will "view the premises and    .    .    . mark out the road" presumably in the most reasonable manner. *Id.* Even assuming the roadway is marked in a flood plain this would appear to derive more to defendants' benefit than their detriment because less of their high ground would be condemned by the roadway.

Defendants' second point is ruled against them.

The judgment granting the plaintiffs a roadway of strict necessity is affirmed.

CRIST and REINHARD, JJ., concur.