**CENTRAL ELECTRIC POWER COOPERATIVE, A Corporation, Appellant,**

v.

**Milus H. MOORE, et al., Respondents.**

**No. 43154.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1981.

Phil Hauck, Stockard, Andereck, Hauck, Sharp & Evans, Earl W. Brown, III, Trenton, for appellant.

Dale Rollings, St. Charles, for respondents.

REINHARD, Judge.

Condemnor appeals from a judgment entered upon a jury verdict awarding damages to the condemnee in the amount of $50,000. We affirm.

On appeal, condemnor contends that the trial court erred in excluding from evidence photographs of real estate not involved in this litigation, but which condemnor contends were relevant to one of the issues before the court.

The condemnor, Central Electric Power Cooperative, condemned an easement as of February 23, 1979, on the land of the condemnee for the purpose of crossing the land with a power line supported by five "H" frame wooden structures. A 100 foot wide swath was cleared on the land on which no buildings could be built nor trees planted.

The landowner testified that he purchased the 112 acres in two parcels, one eight and the other ten years ago. He purchased the property for the purpose of development. The land is zoned so that the minimum lot size for single family residences is three acres. Prior to the condemnation, the landowner submitted a plat for subdivision which was approved by the St. Charles County Planning Commission.

Numerous photographs were introduced during the course of the trial. These were photographs of the subject property, of the landowner's home, and of the surroundings. Some of the photographs show the constructed line. Part of the landowner's theory of damages was that the developmental value of the land was impaired because the

subdivision may have to be replatted and any lots crossed by the easement will be worth less. Also, the landowner submitted testimony as to visual damage to the remaining lots.

The condemnor disputed the claim that the value for developmental purposes had been impaired and sought to introduce into evidence certain photographs of other properties crossed by power lines. Each of the excluded photographs depicts a house and a nearby power line supported by steel structures considerably larger than the wooden ones constructed on condemnee's land. Each house is of different construction and in different terrain. Some are nestled in the woods while others are out on an open field. The court sustained an objection to the introduction of these photographs on the grounds of relevancy. It is this ruling that the condemnor assails.

Condemnor contends that the photographs were relevant because they tend to show that properties crossed by power lines can be attractively developed and that therefore the damage done to this parcel held for development is minimal.

Condemnor cites to us no Missouri case which has permitted the admission of photographs of property totally unrelated to the property being condemned for the purpose for which it asks that the photographs be admitted here.

Condemnor cites *State ex rel. Highway Commission v. Cone*, 338 S.W.2d 22 (Mo. 1960), in which the supreme court affirmed a particular use of photographs of other properties in a condemnation case. The issue in *Cone* was the expected useful life of a commercial building on the condemned property in Kansas City. Condemnor contended its useful life when new was 50 years. To refute this claim, the landowner was allowed to introduce into evidence photographs of other buildings of similar construction that were over 50 years old. The court noted that the landowner had established that the buildings were commercial buildings in downtown Kansas City and of solid masonry construction—as was the building being valued. Thus, in *Cone*, the admitted photographs bore directly on the issue to be proved by establishing that a similar building could be over 50 years old.

More important for us, however, is the standard of review set out by the court in *Cone* on the question of relevancy: "The determination of the relevancy and materiality of a photograph in the first instance is left to the sound discretion of the trial judge and his ruling in that regard will not be held error on appeal unless that discretion is abused." *Id.* at 27. The court in *Cone* affirmed the exercise of discretion on the part of the trial judge.

In this case, we find no abuse of discretion by the trial judge. We perceive little probative relation between the evidence and the issue to be proved.

The measure of damages here was the market value of the tract immediately before the condemnation less the market value immediately after. *Citizens Electric Corp. v. Amberger*, 591 S.W.2d 736, 738 (Mo.App.1979). The photographs were offered as evidence of the market value after the taking, and to the extent they tend to prove it, they are relevant. While they do show that houses can be built next to power lines and that the property could still be used for residential development, condemnee never contended otherwise. The photographs demonstrate what a completed house looks like next to a power line. Condemnor's own witness conceded that residential property near a line is less desirable, and hence presumably worth less than it would otherwise be worth.[1] The issue was how much less and the effect of that on the value of the undeveloped property immediately after the taking.

Thus, the probative value of the photographs lies in the jury's use of them to visualize what the condemned land might look like after development, to assess how much less a purchaser might pay for a lot

---

1. Cross-examination of condemnor's expert witness:

Q: But you're not telling this jury that these power lines are attractive desirable additions to a residential site, are you?
A: Well, [in] my opinion I wouldn't have one.

with a power line, and then to figure what effect that might have on the value of the undeveloped property immediately after the taking.

All this requires much speculation, especially since the power lines pictured are different than the one involved here. The connection is at best tenuous; it becomes more so when compared to the danger of distracting the jury. The value of the houses pictured, and even the diminution in value of the houses pictured due to the power line, are not relevant except as they affect the value of the undeveloped land of the condemnee immediately after the taking.

Had we determined that the trial court erred in the exclusion of this testimony, a reversal would still not have been required here. It has long been held in Missouri that in land damage cases, errors in admission or exclusion of evidence will not result in reversal of verdicts unless there is substantial or glaring injustice. *State ex rel. State Highway Commission v. Texaco, Inc.*, 502 S.W.2d 284 (Mo.1973).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.