In re Marriage of Brenda Sue MANLIN, Respondent,

v.

Richard Mark MANLIN, Appellant.

No. 44387.

Missouri Court of Appeals, Eastern District, Division Three.

June 8, 1982.

---

Theodore H. Hoffman, St. Louis, for appellant.

Paul H. Schramm, Clayton, for respondent.

REINHARD, Presiding Judge.

Husband appeals from the marital property distribution provisions of a dissolution decree. The court awarded each of the parties one-half of the net marital property valued at $1,853,603.85. The husband owned one-half of the shares of stock issued by Manlin & Liebert Builders, Inc. The court assigned to those shares of stock a value of $1,485,958.05 and assigned all of the shares to husband. The court ordered husband to pay wife, in lieu of shares of stock, the sum of $438,501.92 in annual installments of $21,925.10 for 20 years with interest at the judgment rate on each installment.

Husband's principal point on appeal is that the court erred in its evaluation of the net worth of Manlin & Liebert Builders, Inc., and, therefore, in its evaluation of the worth of husband's shares of the corporation's stock.

At trial, wife introduced net worth statements for the individuals Manlin and Liebert and for the corporation Manlin & Liebert Builders, Inc. These statements were prepared for and filed with various banks for the purposes of obtaining and maintaining loans. The net worth statement for the corporation shows that as of April 1, 1980, Manlin & Liebert had a net worth of $8,915,748.31. Husband's net worth statement, which he signed, shows that his personal net worth on April 1, 1980, was $5,022,374.16 and that the value of his 50% of the stock was $4,457,874.16.

Both husband and his partner, Charles Liebert, testified that the figures in the net worth statements had been inflated and that the corporation had been worth less in 1980 than the $8,915,748.31 shown on the 1980 statement. Further, husband testified that due to high interest rates and their effect on the real estate business, the corporation had a negative net worth in January of 1981, the time of the trial. Liebert, called by husband as a witness, also testified regarding the effect on the worth of Manlin & Liebert created by increasing interest rates and deteriorating economic conditions since the preparation of the 1980 net worth statements. When asked what percentage of accuracy the net worth statements had, he replied, "I don't know. I'd say a third. Thirty-three and a third.... And that's a guess...." Thus, the testimony of husband and Liebert regarding the worth of the corporation at the time of the trial was in conflict.

Husband also called two real estate brokers to testify regarding the value of the real property that made up the largest part of the Manlin & Liebert assets. Their testimony largely supported husband's contention that the net worth of the corporation was much less than that claimed by wife.

The decree of the trial court must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously states nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). Applying this standard, we affirm the trial court's decree. Although husband presented much evidence regarding the adverse effects the economic conditions had had on the corporation, the trial court had before it the net worth statements signed by husband showing the value of his interest in the corporation as $4,457,874.16 on April 1, 1980. These statements constituted admissions against interest by husband. *State ex rel. State Highway Commission v. Langley,* 422 S.W.2d 309, 314–15 (Mo.1967); *Concrete Steel Co. v. Reinforced Concrete Co.,* 72 S.W.2d 118, 121 (Mo.App.1934). Based upon the net worth statements alone, the court could have found the worth of husband's shares to be as much as $4,457,874.16 in April of 1980. To determine the worth of the stock at the time of the trial, the court considered the general deterioration of the

economy and found the value of the stock in January of 1981 to be only $1,485,958.05, one-third of the worth stated on the April, 1980 net worth statements.

 The court's determination of the value of husband's interest in the corporation was supported by the testimony of Charles Liebert, husband's partner and witness. Husband would have us disregard Liebert's testimony regarding the worth of the corporation because Liebert expressed his evaluation of the worth as a guess. It is axiomatic that a "guess" is not substantial evidence; however, a "guess" is admissible evidence with probative value if it is clear that the witness meant to express his opinion or his judgment. *Hinrichs v. Young,* 403 S.W.2d 642, 646 (Mo.1966); *Cragin v. Lobbey,* 537 S.W.2d 193, 199 (Mo.App.1976).

Here, Charles Liebert gave extensive testimony regarding the properties owned by the corporation and the debts owed by the corporation. He testified that he handled the finances and banking for the corporation. As one of the owners of the corporation, he was obviously familiar with the corporation's financial status and was qualified to express an opinion as to its worth. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling,* 589 S.W.2d 260, 269 (Mo.banc 1979); *Krug v. United Disposal, Inc.,* 567 S.W.2d 133, 135 (Mo.App.1978). After reading Liebert's entire testimony, we are convinced that although he was uncertain as to the exact value of the corporation, his statement that the corporation was worth one-third the amount shown on the 1980 net worth statement was his opinion or judgment and was not a mere guess. His uncertainty affects only the weight to be given his opinion, and the weight to be given to Liebert's opinion was for the trial court to determine. *Turner v. Kaplan,* 602 S.W.2d 460, 463 (Mo.App.1980).

Husband's estimate of the value of the corporation and the estimates made by his expert witnesses were in conflict with the net worth statements and the testimony of Liebert. In court-tried cases, conflicts in evidence are for the trial court to resolve. *Trenton Trust Company v. Western Surety Company,* 599 S.W.2d 481, 483 (Mo.banc 1980). Thus, there was no error in the trial court's crediting Liebert's testimony over that of the real estate brokers. The court had substantial evidence, the most significant being the net worth statement signed by husband, to support its determination of the value of husband's interest in the corporation.

Affirmed.

SNYDER and CRIST, JJ., concur.