No. 53206.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1988.

**Adele MORAN, Plaintiff–Respondent,**

v.

**Kathryn FLACH (Now Carol J. Hardy), Defendant–Appellant.**

No. 53696.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1988.

James E. Dearing, Clayton, for defendant-appellant.

J.B. Carter, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

This appeal is from an action under the provisions of Section 228.340, RSMo 1986, for the establishment of a private road.

The judgment established the road across the property of appellant, Kathryn Flach, who is now deceased and has been succeeded as a party by her daughter Carol Hardy. In addition, the jury assessed the damages for the private condemnation in the amount of $25,000 against the respondent, Adele Moran. We affirm.

Respondent owns a tract of land in St. Louis County. In 1976, the State Highway Department condemned a sizable portion of her property; this action caused the property to become landlocked. Two parcels of land adjoin the Moran property. One parcel is owned by the appellant and is being used as a trailer court, and the other is owned by Bridgeton Investment Company [hereinafter Bridgeton].

Originally, respondent included Bridgeton as a defendant. Respondent, however, did not seek to establish the road across the property of Bridgeton; therefore, a motion to dismiss filed by Bridgeton was sustained. The court established the road according to respondent's amended petition. The commissioners, who were appointed to mark out the road, adopted in their report the easement requested by the respondent and determined that the appellant's damages were $40,000. Respondent filed exceptions to the commissioners' award and requested a jury trial. Appellant also objected to the damages and requested a trial by jury. The jury trial produced the judgment from which appeal is now taken. Further facts will be set out as we discuss the issues in this appeal.

■ Appellant's first point alleges that the trial court failed to join an indispensable party to the litigation or to allow cross-examination on the issue of ownership of the property. Respondent testified at trial that she was the sole owner of the property. Appellant's counsel wished to cross-examine the respondent concerning a deposition taken previously in which she had testified that her attorney had a one-third interest in the property as a result of an agreement between them made after the state condemnation hearing. The deposition testimony also revealed the fact that no deed had been executed nor was there anything to evidence the fact that respondent's attorney owned one-third of the property.

The failure to join an indispensable party is fundamental and jurisdictional and requires consideration by this court. *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo. App.1984). To be an indispensable party, respondent's counsel would need to be a holder of a recorded interest. In *Spellerberg*, the court explained, "Four different parties are *presently record holders* of some interest in the subject property and are therefore indispensable parties to a determination of this common interest." *Id.* (emphasis added). *See also Polette v. Williams*, 456 S.W.2d 328 (Mo.1970) (deed contained possibility of reverter); *Neal v. Drennan*, 640 S.W.2d 132, 137 (Mo.App. 1982) (claimants of record title are indispensable parties). Contrary to appellant's argument, Missouri law limits indispensable parties to claimants of record title in these circumstances.

Respondent's attorney offered to stipulate that he had no interest in the property at the time of trial, but that his interest was contingent upon the respondent ultimately acquiring the easement. The trial court ruled that respondent's fee arrangement, even though it may involve a contingent future interest in the property, was not relevant to the issues in the case. We agree. Respondent's counsel was not an indispensable party to this litigation because he was not a claimant of record title.

■ Appellant also argues under her first point that she was denied the right to cross-examine respondent. Appellant wanted to use respondent's deposition to impeach her trial testimony concerning the ownership of the property. Appellant's motion for a new trial states:

The Court erred in not requiring attorney Joe Bill Carter to be joined as a party plaintiff, it having been Plaintiff Adele Moran's specific and unequivocal

testimony in depositions, in the prior Circuit Court hearing, and before the Commissioners' hearing that Mr. Carter owned a one-third interest in the real estate.

The quoted passage is the only reference to the deposition in the new trial motion. The motion does not allege that the trial court erred in determining that appellant could not use respondent's deposition to impeach her trial testimony concerning the ownership of the property. Matters not included in a motion for a new trial and not specifically objected to at trial are not properly preserved for appellate review. Rule 78.07. Moreover, in light of our previous holding, it was not error to so limit the cross-examination.

Appellant also attempts to convince this court that respondent's counsel was an indispensable party because "their interest in obtaining the easement is identical to a partnership venture." In support, appellant cites cases which hold that all partners are necessary parties in a cause of action involving a partnership interest. *See, e.g., Wittels v. Dubinsky,* 343 S.W.2d 644 (Mo. App.1961). Nevertheless, *Wittels* and similar cases were found by our Supreme Court to have no applicability to a case in which an interest was contingent. *State ex rel. Knight Oil Co. v. Vardeman,* 409 S.W.2d 672 (Mo. banc. 1966). Specifically, the case explains, "the mere participation in the contingent proceeds of a suit is not, in our view an 'association' to carry out a 'business enterprise for profit.'" *Id.* at 676. This point is denied.

■ Appellant's second point maintains that the trial court erred in dismissing defendant Bridgeton as a party to this litigation, thereby improperly limiting its jurisdiction to the land of the appellant.[1] Appellant's argument contends that the court, therefore, denied the commissioners and the jury the opportunity to determine the best method of ingress and egress for the

respondent. This argument, however, is futile. Section 228.340, RSMo 1986, does not direct that alternate ways of necessity across other adjoining land owner's property be considered.

Appellant relies on *Welch v. Shipman,* 357 Mo. 838, 210 S.W.2d 1008 (1948). The case, however, does not stand for the proposition that a landowner can defeat a plaintiff's right to a way of necessity by pointing to another against whom relief might have been sought. In *Welch,* the court found that a proposed private road was not a necessity because there were reasonable alternate routes across defendant's land. A more recent case clarified the issue as follows: "While it is true that it is a 'good answer to show another way which the party may use,' there is no authority in Missouri cases for holding that such other way will abrogate plaintiff's claim of necessity where it is not a legally enforceable way." *Hill v. Kennoy, Inc.,* 522 S.W.2d 775, 777 (Mo. banc 1975) (citation omitted). Respondent has no legal right to use Bridgeton's property for ingress and egress.

"[I]t is for the plaintiffs to determine against whom they will proceed in seeking a roadway." *Lewis v. Hilkerbaumer,* 599 S.W.2d 7, 9 (Mo.App.1980). "[N]either Section 228.340 nor the case law indicates that one landowner can defeat a plaintiff's right to a way of necessity simply by pointing to another against whom plaintiff might have sought relief." *Hill,* 522 S.W.2d at 778. *See also Lewis,* 599 S.W.2d at 9. Appellant's second point is without support.

■ Appellant's next issue concerns exclusion of certain evidence as to the value of the property in question. The first item is the county tax assessment on appellant's property. Our courts have held that valuations for tax assessments are made for special purposes and are incompetent as evidence of value. *See, e.g. State ex rel. State Highway Comm'n v. Koziatek,* 639

---

1. Appellant was thereafter granted leave to file a third-party petition against Bridgeton. This was never done; however, in light of case law which gives plaintiffs the right to choose against whom they will proceed, joinder would have been futile.

S.W.2d 86 (Mo.App.1982). Appellant argues that this general rule should be abandoned because of recent county-wide reassessment. Although reassessment has hopefully produced a fairer distribution of the tax burden, property tax assessments are still not adequate evidence of the true value of property because they are made for the special purpose of raising revenues.

■ The second item that appellant contends was improperly excluded was the previous award of $242,000 that respondent received from the state when the state condemned part of her property for highway improvements. Appellant suggests that the size of the award was relevant to the valuation issue. The value of the condemnation of approximately one acre of land upon which sat a home, tennis court and swimming pool has no relevance to the value of the easement in question. Since the condemned property is not arguably similar, this appears to be an attempt to prejudice the jurors with improper evidence concerning respondent's financial status. *See M & A Elec. Power Coop. v. True,* 480 S.W.2d 310, 314 (Mo.App.1972). The trial court is under no obligation to admit irrelevant evidence. *See Central Elec. Power Coop. v. Moore,* 618 S.W.2d 237 (Mo.App. 1981).

■ This brings us to the third item allegedly excluded—evidence of the award of the commissioners who mapped out the roadway and assessed the damages at $40,-000. This is the award of damages which both parties objected to when the request was made for a jury trial. We have searched the entire record for any mention of this evidence and have found none. Appellant cannot complain of trial court error in excluding evidence when the record demonstrates that there was never any attempt to put the commissioners' award before the jury. Point denied.

■ In her final point, appellant asserts that the trial court erred in not striking the testimony of respondent's expert witness. She maintains that her counsel was unable to cross-examine the expert because of the expert's inability to speak clearly. Notwithstanding appellant's assertions to the contrary, this is not a case in which the right to cross-examine has been denied. The record does not indicate that cross-examination was limited in any way by the court.

Respondent's expert apparently had some difficulty with his speech. The court prefaced his testimony with the following: "We're taking Mr. Noonan out of turn at this time. Jurors, we understand that sometimes you might have a little difficulty understanding Mr. Noonan. If you do, raise your hand, we'll try to make sure you do understand what is said." Beyond this statement the record reflects no difficulty in the flow of questions and answers except for one comment by appellant's counsel. He stated, "I'm not sure I understand your words, but I know I don't understand your meaning. Your testimony is that there is no frontage being taken?"

At the close of the expert's testimony, counsel for appellant made his motion to strike. The trial court responded:

I understood most of what he was saying. I did ask the jurors to raise their hand if at any time they didn't understand him, and I watched them very carefully and nobody raised their hand....

I thought I understood his answers; that from time-to-time some words, I didn't catch. I'm going to overrule the motion.

We can find no basis for error in this record. Appellant's counsel contends that the court reporter's record does not reflect all of the colloquies that took place and that there were numerous times when he had to ask the witness to repeat what he had said. "This court has neither the power nor the inclination to permit the disposition of this appeal to be governed by alleged happenings 'off the record.' A judgment is not so porous and a successful attack upon it requires a worthier foundation." *Cobb v. R.W. Beasley Constr. Co.,* 536 S.W.2d 535, 537 (Mo.App.1976).

The judgment is affirmed.