Herbert N. TUCKER, Appellant,

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondent.**

No. WD 40371.

Missouri Court of Appeals,
Western District.

Dec. 27, 1988.

As Modified Jan. 31, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 31, 1989.

Application to Transfer Denied
March 14, 1989.

Patrick S. O'Brien, East Alton, Ill., for appellant.

Harlan D. Burkhead and Thomas A. Ryan, Kansas City, for respondent.

Before FENNER, P.J., and GAITAN and MANFORD, JJ.

FENNER, Presiding Judge.

Appellant, Herbert N. Tucker, (Tucker) appeals from the order of the trial court which granted respondent, Kansas City Southern Railway Company, (Kansas City Southern) a new trial.

In the circuit court, Tucker brought suit in negligence against Kansas City Southern under the Federal Employers' Liability Act, (F.E.L.A.), 45 U.S.C. §§ 51–60, for injuries he alleged to have received in the course of his employment with said railway. The accident of which Tucker complains occurred on August 16, 1983.

Tucker worked as a bridge and building mechanic for Kansas City Southern for fourteen and one-half years. His duties included repair and maintenance of bridges and the tracks crossing bridges. On August 16, 1983, Tucker was drilling holes in a bridge decking to facilitate re-alignment of the railroad tracks. Tucker was using an electric drill which he testified "hung up" when it came in contact with a steel girder. Tucker further testified that when the drill "hung up" it kicked back and knocked him to the bridge deck allegedly injuring his back. Trial commenced on November 9, 1987, and after five days a jury returned a verdict in favor of Tucker and against Kansas City Southern. The jury assessed damages in the amount of $1,000,-000 reduced by 20% for Tucker's comparative fault in causing his own injuries. This resulted in a verdict in favor of Tucker in the amount of $800,000.

Following the verdict Kansas City Southern filed a Motion For Judgment Notwithstanding The Verdict or, alternatively, For a New Trial. The trial court overruled the Motion For Judgment Notwithstanding The Verdict and granted the Motion for New Trial. The trial judge noted in his findings that the evidence of negligence on the part of Kansas City Southern was extremely slight but he felt that it was sufficient to overcome the Motion For Judgment Notwithstanding The Verdict.

The trial judge found two grounds for granting Kansas City Southern a new trial. First, he found Tucker's closing argument

to have been inflammatory, unwarranted and unfair. Secondly, he found that the verdict was against the weight of the evidence on the question of whether Tucker sustained any significant injury or aggravation of a prior condition by reason of the accident of which he complains. Tucker argues that the trial judge erred in ordering a new trial on any basis.

The court's granting of a new trial based upon its finding the overall tenor of Tucker's closing argument to be inflammatory, unwarranted and unfair is dispositive herein.

■ Determining the prejudicial effect of final argument is a matter within the discretion of the trial court, and the trial court's judgment on that matter will not be disturbed unless there was an abuse of discretion. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 434–35 (Mo. banc 1985).

The trial judge found specifically that Tucker gratuitously called attention to the big difference in the financial position of the parties, that Tucker injected a false issue by arguing that Kansas City Southern did not retrain him and that Tucker repeatedly called Kansas City Southern's lawyer dishonest.

In the reply portion of his closing argument, Tucker's counsel referred to Kansas City Southern's counsel as "intellectually dishonest" on three separate occasions. The trial judge stated in his findings that in his opinion the character of the charge was not altered by inserting the word "intellectually" before "dishonest". The trial judge found Tucker's characterization of opposing counsel to be unwarranted and not supported by the record.

Reckless assertions by counsel unwarranted by proof and intended to arouse hatred or prejudice are condemned as tending to cause a miscarriage of justice. *Critcher v. Rudy Fick, Inc.*, 315 S.W.2d 421, 427 (Mo.1958). A charge against the veracity of opposing counsel is to be decried. *See, Halley v. Schopp*, 400 S.W.2d 123, 126 (Mo.1966).

■ A particularly enlightening example of the impropriety of Tucker's counsel characterizing opposing counsel as intellectually dishonest had to do with his argument in regard to the drill that was used as demonstrative evidence at trial. In regard to the drill, Tucker's counsel argued as follows:

"I want to say one more thing about the drill that he (Kansas City Southern's counsel) was talking about. He tells you how heavy this drill was and how hard it was to use it. Of course we had to bring out the fact that the drill they brought in here wasn't the same size drill either. He's a pretty good actor. He can sweat on demand. If they had been intellectually honest, they would have brought the same size drill in here that was used out there. Don't you think they would have a spare electric drill that's that same size as the one Herbert (Tucker) used? They didn't bring it in here."

The parties agree that before the drill was exhibited to the jury, Kansas City Southern's counsel asked Tucker off the record if the drill they proposed to use as demonstrative evidence was like the one he was using the day he was injured. Tucker said that it was.

During the trial, counsel for Kansas City Southern was cross-examining Tucker and the following questions were asked and answers given:

"Q: Now, I want to get square on the drill. Mr. O'Brien asked you if you recalled this drill, which we have marked as Defendant's Exhibit 5, and I wanted to make sure I wasn't showing the jury something wrong and misleading them. So I asked you, before the trial started, if this was a drill like the one you were using. Do you recall that?

A: Well, it's kind of built something like it.

Q: OK. I think it was—the way your answer came out this morning, if I heard it right, you said that this drill was smaller than the one you were drilling with. I think you meant the opposite, didn't you?

A: No. The one we were using was smaller than that.

Q: But it was close to this size?

A: Pretty close."

In accord with Tucker's identification of the drill being offered as demonstrative evidence, Exhibit 5, as being larger than the one he was using at the time of his accident, the following statements were made by counsel when the drill was received in evidence:

"(Counsel for Kansas City Southern): With the understanding that Exhibit 5 is somewhat larger than the drill you were using, I would like to offer in evidence Defendant's Exhibit No. 5.

(Counsel for Tucker): I have no objection, Your Honor, as long as it's made clear to the jury that this is a drill that in no way depicts the actual drill that was used out there. It is larger than the drill that was used, and I don't want the jury to think—

THE COURT: Well, it's received into evidence."

Prior to any use of the drill in question as demonstrative evidence, Tucker identified it as like the one he was using at the time of his accident. At trial he again identified the drill, Exhibit 5, stating that the drill he was using when injured was smaller but pretty close to the size of Exhibit 5. Exhibit 5 was offered into evidence with the express understanding of Kansas City Southern's counsel that it was somewhat larger than the drill Tucker was using. Tucker's counsel stated that he had no objection, and the drill, Exhibit 5, was received in evidence pursuant to this understanding.

Tucker argues that opposing counsel failed to make timely objection to his use of the term "intellectually dishonest" and therefore, any claim of error was waived. There is ample authority that given the excellent position of the trial judge to gauge the effect of improper and objectionable argument, when said judge deems that an improper argument has deprived the parties of a fair and impartial trial, the judge has a duty to order a new trial, although no objection had been made to the argument. *Greenwell v. Huffman*, 506 S.W.2d 28, 31 (Mo.App.1974); *Robbins v. Brown–Strauss Corp.*, 363 Mo. 1157, 257 S.W.2d 643, 648 (1953).

Counsel for Kansas City Southern was not dishonest in his handling of Exhibit 5 but the argument of counsel for Tucker was improper and it was clearly within the discretion of the trial court to grant a new trial on that basis.

Although the characterization of opposing counsel as "intellectually dishonest" under the circumstances as discussed above is sufficient to affirm the trial court in granting Kansas City Southern a new trial, the court's other findings of impropriety in closing argument will be addressed to assure they are not repeated on retrial and as guidance in other proceedings.

■■■ The trial court found that Tucker injected a false issue by arguing that Kansas City Southern did not retrain him. In this regard the trial court made the following finding in its order granting Kansas City Southern a new trial:

"A pernicious aspect of the argument condemning defendant for not 'retraining' plaintiff for some other job, was the subtle implication that he got hurt on a well-paying job, became disabled in its service, and it left him high and dry with no compassion or assistance. What the lawyers knew was that he had applied for, and is now receiving, substantial retirement or disability payments. The lawyers also knew that that fact could not be brought to the attention of the jury, because this court had instructed the attorneys they could not do so."

Tucker argues that the retraining issue was not raised by Kansas City Southern in its motion for new trial but that it was raised sua sponte by the trial court and that he was not given notice of this as a ground for new trial. The record reflects that Kansas City Southern's Motion for New Trial did raise this issue.

Kansas City Southern's Motion for New Trial alleges under paragraph 9 as follows:

"The cumulative effect of plaintiff's counsel's closing argument was to incite and further the jury's bias, passion and prejudice against defendant and

constituted plain error in the following respects:

(a) On page 3,[1] plaintiff's counsel falsely advised the jury that the 'only avenue' which the plaintiff had to be compensated was the jury verdict. In fact, the plaintiff has qualified for and is collecting disability benefits from the Railroad Retirement Board.

(d) On page 19, plaintiff's counsel claimed that the railroad isn't concerned about the plaintiff and that people treat their dogs better than the 'corporation' treated this man."

Tucker was given notice and an opportunity to be heard and the trial court did not abuse its discretion by granting Kansas City Southern a new trial for Tucker's counsel having interjected a false issue of retraining.

■ As a third ground for granting a new trial, the trial court found that Tucker's closing argument gratuitously called attention to the big difference in the financial position of the parties.

Missouri courts have consistently recognized that a comparison between the size, power or wealth of the litigants is improper and can entitle the victimized party to a new trial. *See, e.g., Green v. Ralston Purina Co.,* 376 S.W.2d 119, 127 (Mo.1964); *Higgins v. Terminal R.R. Assn'n. of St. Louis,* 362 Mo. 264, 241 S.W.2d 380, 386 (1951).

Tucker's counsel made the following references to Kansas City Southern's corporate status, size, power or wealth in his closing argument:

"You know, people don't understand us in other countries, but this is the only country in the world where we have this type of system, where a man like Herbert Tucker is in the same stead and the same shoes as a corporation.

Ladies and gentlemen, if you think a bunch of guys with eighth grade educations can band together and come up with some story that's going to stick and beat a railroad that has got limitless funds to hire the best lawyers that they can hire, I just don't understand it.

People treat their dogs better than this man was treated by this corporation."

Tucker's counsel also argued that the railroad employees who testified were intimidated by the railroad over the prospects of losing their jobs.

Any one of the above statements by Tucker's counsel might not have been deemed sufficiently prejudicial by the trial judge to warrant a new trial, but it cannot be said, after considering the cumulative effect of these statements, that the trial judge abused his discretion by ordering a new trial on the basis of an improper comparison as to the size, power and wealth of the litigants.

The judgment of the trial court ordering a new trial is affirmed.

All concur.

---

1. A transcript of the closing argument was attached to the Motion for New Trial.