**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Respondent,**

v.

**Robert MENLEY, et al., Exceptions of Roland Young, Jr., et al., Defendants–Appellants.**

**No. 55796.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 12, 1989.

Joe Bill Carter, Kirkwood, for defendants-appellants.

Alan Rion Schmidt, Kirkwood, for plaintiff-respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants (defendants), Roland Young, Jr. and Marilyn Young, appeal from a jury verdict of sixty thousand dollars ($60,-000.00) entered in their favor in a condemnation proceeding. Their claims of error arise from statements made by the attorney for the Missouri Highway and Transportation Commission (respondent herein) during closing argument. We affirm the jury's award.

Appellants owned approximately three hundred thousand (300,000) square feet of land and improvements in the Valley Park area of St. Louis County. The respondent exercised its power of eminent domain to condemn about thirty three thousand (33,-000) square feet of this property to facilitate the construction and maintenance of State Route 141. The commissioners appointed to determine the value of the condemned portion of the property awarded

appellants eighty five thousand dollars ($85,000.00) and appellants excepted this award. A jury trial was held and the jury returned with a condemnation award of sixty thousand dollars ($60,000.00) on September 21, 1988.

■ The property which appellants owned before the condemnation consisted of a Dairy Mart ice cream store which appellants operated, a building which they rented to a carpet store, and a small apartment building, as well as unimproved land and parking lots. The portion of land condemned included the entire Dairy Mart building plus a small portion of the unimproved land. The correct measure of damages in a condemnation proceeding is the difference between the value of the entire property immediately prior to the taking and the value of that which remains after the taking. *Central Electric Power Cooperative v. Moore*, 618 S.W.2d 237, 238 (Mo. App.E.D.1981). Appellants' contention at trial was that this figure amounted to two hundred and twelve thousand, forty three dollars ($212,043.00) while respondent claimed that damages were fifty one thousand, eight hundred dollars ($51,800.00). Appellants claim error in two statements made by respondent's counsel during closing argument which appellants allege prejudiced and biased the jury against them. We will address each statement separately.

■ Appellants claim error in the trial court's overruling their objection to respondent's following statement:

"Now, it's going to be up to you, ladies and gentlemen, to determine whether you're going to contribute to a windfall for Mr. Young and his wife. You are the last stand between that windfall and Mr. and Mrs. Young."

1. Appellants' expert valued these even higher; $492,141.00 before and $307,000.00 after.

2. We note that the propriety of using the income approach to value a partial taking under Missouri law is unclear, to say the least. *Compare State ex rel. State Highway Commission v. Mann*, 624 S.W.2d 4, 10 (Mo. banc 1981) (Stating that this method cannot be used in partial

Appellants believe this "windfall" language constituted an impermissible emotional attempt to prejudice the jury.

We note that appellate courts grant the trial judge great deference in regulating the arguments of counsel and we will only upset their rulings where there is an abuse of discretion. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 434–35 (Mo. banc 1985). In the present action it was undisputed that the appellants bought the Dairy Mart property for one hundred thirty five thousand dollars ($135,000.00) in 1983. Appellants claim that the property had increased in value to three hundred and ninety thousand, seven hundred and thirty dollars ($390,730.00) prior to the taking. Appellants claim that the taking reduced the property's value to one hundred seventy three thousand, six hundred eighty seven dollars ($173,687.00).[1]

While we agree that the term "windfall", as used here, is probably an emotional term, we would be loathe to overturn a jury's verdict each time an emotional term finds its way into a closing argument. The question becomes whether this term, or argument, was so reckless and unwarranted by proof that it deprived the appellants of a fair and impartial trial. *Tucker v. Kansas City Southern Railway Company*, 765 S.W.2d 308, 310–11 (Mo.App.W.D. 1988). Not only is the trial judge in the best position to decide this, but it is clear here that appellants' evidence regarding the substantial increase in value served as a basis in the record for counsel's argument. Point denied.

■ Appellants' last claim of error involves respondent's statement during closing argument to the effect that appellants sought damages equaling ten times the "gross sales" of Dairy Mart's business. Appellants had attempted to use the capitalization of income method to value their damages.[2] Appellants argue that their evi-

takings where mineral deposits or other factors would have to be valued separately and added together to determine the fair market value of the land) [*and*] *Board of Public Buildings v. GMT Corporation*, 580 S.W.2d 519, 525 (Mo.App. E.D.1979) (Holding that this method could be used "when all of the property is taken") *with State ex rel. State Highway Commission v. Moore*, 565 S.W.2d 810, 816 (Mo.App.K.C.D.

dence did not consist of multiplying the gross sales of the ice cream store by ten to arrive at a damage figure. Therefore, they assert that respondent's statements were unwarranted by proof and could only have been intended to inflame the jury and prejudice the appellants.

However, the evidence presented by appellants was voluminous and confusing and included figures dealing with the gross sales (revenues) of all three of the entities (Dairy Mart, carpet store, and apartment), net income from all three, appellants' expenses regarding these concerns, and the tax assessments levied on the entire property and improvements. Respondent's argument only amounted to an attempt to reconcile appellants' figures with respondent's own evidence which we cannot condemn.

The appellant also claims that respondent's references to "loss of profits" during closing argument similarly incorrectly characterizes the appellants' evidence. This claim is raised in the appellants' point relied on but is not specifically addressed in appellant's argument. It appears that this claim is simply a restatement of appellants' objection to respondent's use of the gross sales figures. As such, we refuse to find respondent's references to loss of profits inaccurate or prejudicial.

The trial court's refusal to sustain appellants' objections to respondent's closing argument was not an abuse of its discretion. The judgment and jury verdict are affirmed.

REINHARD and CRIST, JJ., concur.

1978) (Holding that this method can be used in partial takings). We express no opinion as to whether it was proper to allow its use in this case as this point was not raised on appeal and is not necessary to our decision.