Georgia **MITCHELL,**
**Plaintiff–Appellant,**

v.

**L.C. MINER, Defendant–Respondent.**

**No. 57819.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 6, 1990.

Dunham, Boman and Leskera, Edward Adelman, Clayton, for plaintiff-appellant.

Kortenhof & Ely, John D. Warner, Jr., St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff, Georgia Mitchell, appeals after verdict and judgment in favor of defendant, L.C. Miner, on plaintiff's claim for personal injury and property damage and in favor of Miner on his counterclaim for property damage. These claims were made after a collision involving Mitchell's automobile, Miner's pick-up truck and an automobile of Karen F. Cohen which was stopped at an intersection. By agreement of the parties a third claim brought by Karen F. Cohen against Mitchell and Miner resulted in a judgment for $1000 for Cohen against Mitchell. The parties stipulated before the trial between plaintiff Mitchell and defendant Miner that judgment would be entered for $1000 and costs "in the same percentages as the jury finds in the companion case of Mitchell v. Miner." The jury found plaintiff Mitchell 100% at fault and defendant Miner without fault. Plaintiff Mitchell appeals only the judgments entered in favor of Miner on her claims and his counterclaim.

Mitchell contends she in entitled to a new trial because: (1) the trial court abused its discretion in not allowing her to introduce a photograph of a rotating, school-type, stop sign in order to rebut Miner's evidence that Mitchell's passenger turned the sign after the collision; and (2) defendant Miner failed to offer substantial evidence of the amount of damages sustained by his truck.

The sparse legal file in this case requires some speculation on the part of the court. The petition alleges negligence of defendant Miner by excessive speed, failure to keep a look out, failure to yield the right-of-way, failure to warn, violation of a stop sign, driving under the influence of alcohol, and a humanitarian claim. We do not have a copy of defendant Miner's answer and counterclaim. We do not have a copy of plaintiff Cohen's petition or the answers filed by defendants Mitchell and Miner to the petition.

We have the verdict directing instructions which indicate Mitchell asked the jury to find only that defendant Miner failed to keep a careful look out or failed to yield the right-of-way, or both. On the counterclaim defendant Miner submitted only the same two claimed acts of negligence of plaintiff Mitchell. Neither submitted violation of a stop sign against the other. Although the record is incomplete, it discloses no motion for new trial or appeal by plaintiff Mitchell in reference to the judgment in the "companion" case of plaintiff Cohen against Mitchell. The trial court cause numbers of plaintiff Mitchell's suit and plaintiff Cohen's suit are the same. However, we are required to speculate a consolidation was ordered.

The motor vehicles collided in the intersection of Vandeventer and Sullivan in the City of St. Louis at approximately 1:00 p.m. on January 2, 1986. Just before the collision, plaintiff Cohen was stopped southbound on Vandeventer at a stop sign. Defendant Miner stopped at a stop sign controlling westbound traffic on Sullivan. As defendant Miner entered the intersection, plaintiff Mitchell, northbound on Vandeventer, struck defendant Miner's truck on the driver's side. Miner's truck then hit the front of plaintiff Cohen's automobile.

At trial Cohen and Miner testified Mitchell violated a stop sign controlling northbound traffic on Vandeventer. Mitchell testified the school stop sign was turned so as not to require her to stop at the intersection with Sullivan. The jury was not asked to decide, and did not decide, the stop sign dispute. It found Mitchell either failed to keep a careful look out or failed to yield the right-of-way, or both. It also found defendant Miner did not fail to keep a careful look out or yield the right-of-way.

■ The verdict and judgment entered in favor of defendant Miner on plaintiff

Mitchell's claim and in favor of defendant Miner on his counterclaim was entered on November 8, 1989. Plaintiff Mitchell's post trial motion for judgment notwithstanding the verdict or for a new trial was filed on November 27, 1989. It was due no later than Friday, November 24, 1989. Rule 78.04. The notice of appeal filed by plaintiff Mitchell asserts her post trial motion was filed on November 27, 1989. We do not have the circuit court minutes of proceedings or a stamped copy of the filed motion to confirm the filing date. However, from the record presented by Mitchell, as appellant, we find the post trial motion was filed late thus, neither claim of error is preserved for appellate review. Rule 78.07. Nor are the claims a matter of plain error affecting substantial rights which may be considered though not raised. Rule 78.08.

■ Even if we were to reach the merits of the claims as preserved errors we would affirm. The first claim of error regarding refusal to allow photographic evidence of the stop sign must fail for several reasons. First, the judgment of plaintiff Cohen against defendant Mitchell is a final judgment resting upon an "adopted" verdict that Mitchell was 100% at fault for the single collision. Second, the photograph of the stop sign is irrelevant because the verdict did not require a decision of the jury on the disputed issue of the posture of the stop sign just before the collision. The verdict was determined solely on the basis of the elements of negligence submitted in plaintiff Mitchell's and defendant Miner's verdict directing instructions. Neither parties submitted the stop sign issue. Third, the photograph was not offered in evidence and no offer of proof was made to support an offer to admit the photograph. On these facts Mitchell cannot complain. *Moran v. Flach*, 752 S.W.2d 956, 960 (Mo.App. 1988).

■ The second contention of plaintiff Mitchell is defendant Miner failed to offer sufficient evidence of damage to submit his counterclaim for property damage to his truck. As a general rule an owner may testify to reasonable market value of property which has been damaged or destroyed without further qualification. *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 708 (Mo. banc 1984). Defendant Miner testified he acquired the truck one month before the collision. He testified the value of the truck before the collision was "about six thousand, seven thousand dollars." He further testified the value of the truck after the collision was, "about two thousand dollars, I guess, because it was totalled." During his direct examination and during cross-examination Miner used the expressions "about" and "I guess." It is clear from the testimony that the use of these expressions disclaimed exact sums within the range of value before and after the collision. It did not constitute a statement that the limits of the range of value figures were unreliable guesses. Miner's counsel informed the court before closing arguments he intended "to argue Forty–Five Hundred to split it in the middle." The verdict was for $4,500.

The expression "guess" has been recognized as a word which can be used as "a colloquial effort to express an opinion or judgment." *Cragin v. Lobbey*, 537 S.W.2d 193, 199 (Mo.App.1976). Such evidence has probative value where the witness means to express his opinion or his judgment. *Manlin v. Manlin*, 638 S.W.2d 295, 297 (Mo.App.1982). Here, the qualified testimony does not require a finding Miner had no knowledge of the range of value before and after the collision. He purchased the truck one month before the collision and testified it was totalled. Further, plaintiff Mitchell did not move to strike the testimony. *See Utility Consumers Council v. Public Service Commission*, 562 S.W.2d 688, 695 (Mo.App.1978) *cert. denied*, 439 U.S. 866, 99 S.Ct. 192, 58 L.Ed.2d 177. Therefore, defendant Miner's testimony constituted sufficient evidence of damage to submit his counterclaim for property damage to the jury.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.