IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1997 SESSION

FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS E. MONTOOTH, | * | C.C.A. # 01C01-9604-CC-00126 |
| Appellant, | * | WHITE COUNTY |
| VS. | * | Hon. Charles D. Haston, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

James H. Stutts
Dickson & Stutts
P.O. Box 111
Sweetwater, TN  37874

For Appellee:

Charles W. Burson
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

William Edward Gibson
District Attorney General

Anthony J. Craighead
Asst. District Attorney General
145 South Jefferson Avenue
Cookeville, TN  38501-3424

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, Thomas E. Montooth, appeals the trial court's denial of post-conviction relief. In this appeal of right, the petitioner complains that the trial judge erred by denying a motion for recusal and by concluding that the petitioner received the effective assistance of counsel.

We find no error and affirm the judgment of the trial court.

On December 14, 1987, the petitioner killed the victim, Charles Verble, by shooting him three times. While the petitioner claimed that the shooting was in defense of his son, the state had established that the defendant had pursued the victim long after the conclusion of their altercation, obtained a gun, and expressed his anger over a debt.

On November 29, 1988, the petitioner was convicted of second degree murder. The trial court imposed a thirty-year sentence. This court affirmed the conviction. State v. Thomas E. Montooth, Sr., No. 89-235-III (Tenn. Crim. App., at Nashville, Sept. 19, 1990). On January 8, 1991, the supreme court denied application for permission to appeal. The petitioner filed this petition for post-conviction relief in 1992. The petitioner sought the recusal of the trial judge, Charles D. Haston; and, after an order was entered denying the request, the petitioner was granted an interlocutory appeal by permission from the trial court. See Tenn. R. App. P. 9. This court, however, declined interlocutory review and the supreme court denied application for permission to review the issue.

2

I

The petitioner claims that his post-conviction judge should have granted the motion for recusal. His grounds are summarized as follows:

(1) that the post-conviction judge, who had presided at the trial of the petitioner, had previously recused himself from hearing a civil claim based upon the same facts at issue in the criminal case;

(2) that the post-conviction judge had previously expressed an opinion upon the performance of the petitioner's trial counsel;

(3) that the post-conviction judge had no jurisdiction to entertain the petition under Tenn. Code Ann. § 40-30-103(b) (Supp. 1993);

(4) that the post-conviction judge had failed to adequately address the merits of the petition; and

(5) that the post-conviction judge had caused a delay in the appeal by failing to properly preserve the record.

In response, the state contends that the trial court acted within its discretionary authority by overruling the motion to recuse.

Judge Charles D. Haston[1] presided at the criminal trial. The record indicates that Judge Haston had been designated by our supreme court to hear the case in the White County Criminal Court. Sometime after the conviction, Judge Haston recused himself from participating in a wrongful death civil action against the petitioner. In making this claim, the petitioner reasoned that if Judge Haston had grounds to recuse himself in the civil case, he should also recuse himself in this post-conviction matter.[2]

---

[1] The Thirteenth Judicial District includes Clay, Cumberland, DeKalb, Overton, Pickett, and Putnam Counties. Judge Haston is the Circuit Judge for District Thirty-One which includes Van Buren and Warren Counties.

[2] The initial post-conviction counsel found no basis to request recusal, reported the petitioner's insistence to prosecute the claim, and was permitted to withdraw on February 12, 1993.

Initially, our scope of review is limited. Whether to grant a motion to recuse is discretionary with the trial judge. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). This court may reverse only when the trial judge has clearly abused that discretionary authority. State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). The trial judge should recuse himself "whenever his or her 'impartiality might reasonably be questioned.'" Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994) (quoting Code of Judicial Conduct, Canon 3(c)). Recusal is appropriate "when a person of ordinary prudence in the judge's position ... would find a reasonable basis for questioning the judge's impartiality." Id.

Here, the post-conviction judge allowed the petitioner an opportunity to present any factual basis for the recusal. The burden of persuasion, in our view, was upon the petitioner. Any number of reasons may have existed for the recusal in the civil case. This court may not assume, absent supporting cause, that the trial judge should have been disqualified from the proceeding.

At sentencing, the trial judge made the following observations regarding the performance of trial counsel:

> [Attorney John H.] Turnbull has sent a first-class brief on the matter of sentencing, which I appreciate very much. He has done an excellent job in that regard.... [The petitioner] probably should have been convicted of first degree murder, except for the good work of his lawyers.

Judges who make on the record findings of fact or general observations about the course of a criminal trial are not disqualified from presiding over a subsequent proceeding. See State v. Boggs, 932 S.W.2d 467, 472 (Tenn. Crim. App. 1996). While the statements are clearly complimentary to trial counsel, the trial judge made the observations, all of which were gratuitous, well before any

4

claim of ineffective assistance of counsel had been presented. This court cannot infer from those comments alone that the trial judge could not be impartial in a subsequent post-conviction claim.

The petitioner also insists that Judge Haston, the Circuit Judge of the Thirty-First Judicial District, had no jurisdiction to hear the petition for post-conviction relief. He cites Tenn. Code Ann. § 40-30-103(b) (1990) (repealed 1995) which, at the time the petition was filed, provided as follows:

> (b)(1) If a petition filed pursuant to this chapter raises the issue of the competency of counsel representing the petitioner, at either the original trial proceeding or an appellate proceeding reviewing such original proceeding, such petition shall be heard and determined by the trial judge who presided at the trial in which the conviction occurred, or the appellate judges who reviewed such conviction, whichever is appropriate, if such trial or appellate judges are available. If such judge is unavailable, the chief justice of the Tennessee supreme court will designate an appropriate judge to hear the matter.
> (2) If such petition does not raise the issue of competency of counsel at the original trial or appellate proceeding, the chief justice shall designate and assign an appropriate judge to hear and determine such petition. Unless the provisions of subdivision (1) are applicable, the designated judge shall not be the same judge who presided at the trial in which the conviction occurred.

(Emphasis added). Before the evidentiary hearing, the statute was amended, effective April 12, 1993:

> (b) At either the trial proceeding or an appellate proceeding reviewing the proceeding, the presiding judge of the appropriate court shall assign a judge to hear the petition. The issue of competency of counsel may be heard by a judge other than the original hearing judge. If a presiding judge is unable to assign a judge, the chief justice of the supreme court shall designate an appropriate judge to hear the matter.

Tenn. Code Ann. § 40-30-103(b) (Supp. 1993) (repealed 1995) (emphasis added).

The petition was filed in White County but, according to the petitioner, most of the

5

post-conviction proceedings were held in Warren County in District Thirty-One where Judge Haston generally presided. The petitioner argues that Judge Haston had no connection with the White County Criminal Court and, especially after the passage of the newer statute, no authority to proceed in this matter. See Id.

In our view, the date of the filing of the petition controlled in this situation. Judge Haston, who had presided at the trial of the case, should not have disqualified himself later on the basis of the statutory amendment giving permission to the presiding judge or the chief justice to authorize a replacement. The 1993 amendment has no effect on the petitioner's case.

The petitioner also complains that the post-conviction judge failed to address each of the issues individually, instead concluding that any claimed deficiencies in the representation by trial counsel fell into the category of "trial strategy." The petitioner argues that the trial judge failed to meet his responsibilities as provided in Tenn. Code Ann. § 40-30-118 (repealed 1995):

> (b) Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground.

(Emphasis added). While the order denying relief could have been more detailed, something appeals courts almost always encourage, the trial judge clearly ruled upon the single constitutional issue raised in the petition. By concluding that trial counsel had a legitimate strategy for any claims of deficiency in performance, the trial court cited its reason for denying relief on the allegation of ineffective assistance. Certainly this complaint does not support the demand for recusal.

The petitioner also argues that there was a delay of over a year

6

because of a defective tape recorder. The recorder was ultimately repaired so that a transcript was made available. The petitioner assesses the blame to the judge who, he argues, relegated his petition "to a secondary status." Stated simply, we disagree. The duty is always on the appellant to establish an adequate record for review. There is no indication the trial judge should have recused himself from hearing the case.

In our view, the issue has no merit.

II

Next, the petitioner contends that his trial counsel[3] was ineffective for having failed to adequately present his defense theory. He argues that his testimony and that of his son was inadequate to establish that the shooting was necessary in order to protect his son. The petitioner's claims can be summarized as follows:

> (1) that trial counsel was unable to sufficiently document his preparation time.
>
> (2) that trial counsel failed to produce proof of the relative sizes of the petitioner, his son, and the victim. In particular, the petitioner complains that his trial counsel failed to prove that he was smaller than the victim and that he suffered from a heart condition and a disability to one hand.
>
> (3) that trial counsel failed to adequately respond to the false impression that the petitioner had as his motive for the crime the collection of a $140.00 debt.
>
> (4) that trial counsel failed to prove the violent nature of the victim and threats that he had made to the petitioner or his son on the day of the shooting.
>
> (5) that trial counsel was deficient for having failed to

---

[3]Trial counsel, John A. Turnbull, withdrew as counsel by permission of the trial court on January 23, 1989, shortly after the conviction. Substitute counsel, Stephen L. Rains, and James P. Romer (which included S. Thomas Burnette), filed the motion and amended motion for new trial and represented the petitioner on direct appeal.

call Edwin Atkinson as a defense witness. At the evidentiary hearing on this post-conviction petition, Atkinson testified that he saw the victim place his right hand in a pocket in which there was a knife and advance towards the petitioner's son just before the fatal shots were fired.

The petitioner argues that his trial counsel, after announcing to the jury in the opening argument, the defense of another theory, was ineffective for having failed to utilize all of the available evidence in support of his claim. See State v. Zimmerman, 823 S.W.2d 220 (Tenn. Crim. App. 1991). The petitioner argues that there is a reasonable probability that the verdict would have been voluntary manslaughter rather than second degree murder had trial counsel performed his duties in an effective manner.

For the petitioner to establish that his counsel was ineffective, he must show that the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). This requires a showing that the errors were so serious that the defendant was, in essence, deprived of counsel within the meaning of the state and federal constitutions. He must also establish that but for his counsel's deficient performance, the results of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Best v. State, 708 S.W.2d 421 (Tenn. Crim. App. 1985).

This court should not second-guess the legitimate tactical and strategic choices of trial counsel unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4 (Tenn. 1982). Trial counsel may not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d

8

276 (Tenn. Crim. App. 1980).  The clear warning of Strickland is "to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time."  466 U.S. at 689.

On appeal, the burden is always on the petitioner to show that the evidence preponderates against the findings of the trial judge.  Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978).  Otherwise, the findings made in the trial court are conclusive.  Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).  The trial judge ruled as follows:

> Having considered said testimony and arguments of counsel, the record and all exhibits entered in the cause, the Court finds that all matters addressed strategy decisions of counsel, and petitioner has failed to show any ineffectiveness of counsel.  All decisions of trial counsel were judgment decisions and the petitioner has failed to show that these decisions rose to the level of ineffectiveness.
>
> It is therefore ORDERED:  that the petition for post-conviction relief is denied on all grounds.

Trial counsel, who filed a number of pretrial motions, testified that he met with the petitioner on numerous occasions before the trial and had several discussions with the petitioner about the possible testimony.  Trial counsel recalled that he questioned potential witnesses, associated counsel to assist in preparations, and did his best.  Trial counsel, who had considerable experience in criminal matters, has not been shown to have been deficient for failure to meet with the petitioner.  All of this testimony was implicitly accredited by the findings in the trial court.

Trial counsel testified that his strategy was to present "as clear and simple" a defense as possible.  Trial counsel acknowledged that he chose not to put

9

on proof that the petitioner might have suffered a heart attack during the shooting for that reason. The petitioner also claimed that at the time of the shooting, he was outweighed by the victim by some seventy pounds. The only comment by the petitioner as to any disability to his hand was that "these fingers are all muscles out of my right leg."

The petitioner had three character witnesses at his trial. He claimed that he told his trial counsel of other incidents of violence on the part of the victim. He claimed that the victim pulled his knife on a Vernon Crantz on one occasion, attacked a Pokey Poston with a cue stick on another occasion, and was also involved in altercations with a Claudell Honeycutt and a Hanky Robinson. The petitioner claimed that he witnessed an altercation between the victim and a dispatcher at the sheriff's department on the day prior to the shooting. Trial counsel testified that he made no attempt to introduce evidence of the victim's propensity for violence because the petitioner had acknowledged that he was unaware of that at the time of the shooting. Trial counsel researched the issue and believed that the evidence would be inadmissible at trial. He testified that he discussed this strategy with the petitioner before trial and the petitioner consented to his focus on the defense that the shooting was the result of the petitioner's effort to protect his son. At the post-conviction hearing, Honeycutt testified that trial counsel had called him prior to trial and asked about an altercation he had had with the victim. Thus some investigation preceded the decision not to place emphasis on these collateral events. Moreover, the petitioner has failed to establish that the evidence offered would have been admissible at trial. The burden is always on the petitioner to show that the evidence would have been admitted at the trial, if offered. This record would require us to speculate on admissibility.

10

Trial counsel also claimed that he did everything he could to counter the perception created by the state that the petitioner had shot the victim over a $140.00 debt. The petitioner's testimony was somewhat conflicting; he ultimately insisted that the victim "didn't owe him anything." In the context of the entire trial, we cannot say that any deficiency in this record affected the results of the trial.

Apparently, a woman allowed to sit with the prosecution table on behalf of the victim during the trial was not actually a daughter to the victim. It is not, however, unusual to have a relative of the victim's sit at the table for the state. Again, we cannot infer from this alone that there was either deficiency in performance by trial counsel or prejudice in result.

Next, the petitioner complains that his trial counsel was ineffective for failing to call Atkinson as a witness. Trial counsel explained that Atkinson, who had been interviewed as a potential witness prior to trial, would have given testimony inconsistent with that of the petitioner and his son. Trial counsel testified that to use Atkinson as a witness would discredit their testimony; he released Atkinson from a subpoena only after acquiring the consent of the petitioner. That clearly qualifies as a strategy decision even if ultimately unsuccessful, based on adequate investigation. That trial counsel, in hindsight, might have chosen a different course, if given the opportunity, is not enough.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

11

_____
David G. Hayes, Judge

_____
Curwood Witt, Judge